A. B. RICHARDSON, Appellant, *v.* L. C. FULLER & Co., and H. MARTIN & Co., Respondents.

*Appeal from Multnomah County.*

1. Under the Code a partner cannot confess a judgment that shall be binding upon his partner, or the partnership property, unless made in an action pending.
2. A sworn statement reciting that the indebtedness arose upon promissory notes for money is insufficient.
3. What statement would be sufficient under the Code.

ON the 16th day of March, 1867, in vacation, Henry Martin made a confession of judgment in behalf of himself and P. H. Martin, doing business in the name of H. Martin & Co., to L. C. Fuller and J. P. Smith, doing business under the firm name of L. C. Fuller & Co., for the sum of $3,904.67, in gold coin.

Richardson filed a motion in the Circuit Court to set aside and declare void this judgment on the ground of the insufficiency of the statement therein, and because said confession of judgment and statement are not warranted by the statute, and are not made in compliance with the requirements thereof.

Appellant also filed his affidavit, alleging that on the 16th of March, 1867, he commenced an action against said Martin & Co. for $485.74, due him from them for merchandise, &c., sold and delivered to them, and that on the 2d day of April, 1867, he obtained judgment for said sum against them; that by virtue of an execution upon said confession of judgment in favor of Fuller & Co., all the property, goods, and chattels of said defendants were levied upon to satisfy the same, and that said pretended judgment was fraudulent and void, as he verily believed.

The Circuit Court overruled this motion and gave judgment against appellant for costs and disbursements, from which judgment and ruling he appealed.

*Stout & Reed*, for appellant.

1st. That under our statute one partner cannot confess a judgment without action pending, which shall bind the other partner or the partnership property.

2d. That the statement accompanying the confession does not state plainly the facts out of which the indebtedness arose, and does not *show* that the sum confessed therein, is justly due or to become due.

3d. That the confession and assent thereto are insufficient, and are not made in the manner prescribed by statute. To substantiate the first ground: *Crane* v. *French*, 1 *Wend.*, 311; *Grazebrook* v. *McCreedie*, 9 *Wend.*, 439; 7 *How. Pr. R.*, 220. As to second and third grounds: *Code, title* 13, *chap.* 2; *Lawless* v. *Hackett*, 16 *Johns.*, 149; *Chappelle* v. *Chappelle*, 12 *N. Y.*, 215; 30 *Barb.*, 325–117; 18 *Cal.*, 576; 2 *Abb. Forms*, 698; 17 *N. Y.*, 10.

*D. Logan, Esq.*, for respondents, filed no brief.

PRIM, J. Under our *Code, page* 201, *section* 249, where an action has been commenced, and is pending against one or more defendants jointly liable on contract, a judgment may be given on the confession of one of the defendants, against all the defendants thus jointly liable, to be enforced against their joint property, and against the joint and separate property of the defendant making the confession. It will be seen that this provision does not apply to a voluntary confession of judgment without action pending. (*Code, page* 202, *section* 252.)

Then as there was no action pending in this case, H. Martin had no authority under the law, to confess a judgment binding upon his co-partner and the partnership property. (*Crane* v. *French*, 1 *Wend.*, 311; 9 *Wend.*, 439; 7 *How. Pr. R.*, 220.)

Again, the sworn statement, upon which this judgment was confessed, is insufficient under the statute last referred to.

Richardson *v.* Fuller.

In a confession of judgment without action pending for money due, or to become due, this section requires that "it shall state plainly and concisely the facts out of which the indebtedness arose, and shall show that the sum confessed thereon is justly due or to become due." The statement in this case is that the indebtedness arose on five promissory notes, given to L. C. Fuller & Co. by H. Martin & Co. for money advanced to them by said Fuller & Co. The notes are annexed to and made a part of the statement. It shows the time when each note was given, the time when due, and the amount thereof; and that all of said promissory notes are due and owing to said Fuller & Co. The New York and California Codes contain a provision very similar to the one in ours, as to the nature of the statement to be made in a confession of judgment; and the courts in those States hold that a mere statement that the indebtedness arose on a promissory note is insufficient. They say "that a note at best, even between the parties to the instrument, is but presumptive evidence of a debt. The maker does not become indebted by the mere execution of a written promise to pay money. His obligation arises out of facts *dehors* the instrument, and antecedent to, or accompanying its execution. A promissory note without consideration binds no one." The additional statement that these notes were given for money advanced by Fuller & Co. is also defective and insufficient to meet the requirements of the statute, because it does not show where or how much money was advanced by them, nor any of the circumstances under which it was advanced. This statement might be true, although a mere nominal sum was advanced.

Again, it does not show that the sum for which judgment is confessed is justly due Fuller & Co., but that that sum is due and owing them on these promissory notes. The courts say "the object of the law in requiring this statement is to put creditors upon the track of inquiry, and to enable them to discover perjury by requiring a definite and particular

account of the transactions which might thus be exposed, if it were fraudulent. Then a vague statement, like the one in this case, would fail to subserve any of the purposes contemplated by the law. (12 *N. Y.*, 215; 18 *Cal.*, 576; 16 *Johns.*, 149.)

We think the circuit judge erred in refusing to set aside the judgment confessed in that court.

Judgment reversed.