Argued June 27, reversed and remanded September 24
petition for reconsideration denied November 15,
petition for review allowed December 18, 1979 (288 Or 173)

STATE ex rel STATE SCHOLARSHIP
COMMISSION, *Appellant,*
*v.*
MAGAR,
*Respondent.*
(No. 34033, CA 13780)
600 P2d 505

Robert C. Cannon, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Magar E. Magar, Oregon City, argued the cause and filed the brief for respondent pro se.

Before Schwab, Chief Judge, and Tanzer and Roberts, Judges.

[361]

ROBERTS, J.

## ROBERTS, J.

The issue presented in this appeal is whether the trial court erred in denying attorney fees to plaintiff where attorney fees are provided for in the contractual agreement between the parties but where defendant offers and plaintiff accepts a compromise for the exact amount prayed for in the complaint. We reverse.

The only facts pertinent here are the following: Defendant borrowed money from the Oregon Bank under the Oregon Guaranteed Student Loan Program.[1] The Oregon Bank declared he note to be in default. The State Scholarship Commission (SSC) purchased the note under its guarantee and initiated this proceeding as the lawful holder to collect. The note provided "in the event of a default, * * * the undersigned shall also pay attorney fees, including any on appeal, and such charges as are necessary for the collection of any amount not paid." Prior to trial defendant made an offer of compromise in the amount prayed for and SSC accepted. SSC then renewed a motion which had been made at a pretrial conference for reasonable attorney fees and the court denied attorney fees to either party.

ORS 20.096(1),(3) and (4) provide:

"(1) In any action or suit on a contract, where such contract specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or not, at trial or on appeal, shall be entitled to reasonable attorney fees in addition to costs and necessary disbursements.

"* * * * *

"(3) As used in this section and ORS 20.097 'prevailing party' means the party in whose favor final judgment or decree is rendered.

"(4) As used in this section and ORS 20.097 'contract' includes any instrument or document evidencing a debt."

---

[1] See ORS 348.530(9) and 348.570.

ORS 17.055 provides:

"Except as provided in ORS 17.065 to 17.085, the defendant may, at any time before trial, serve upon the plaintiff an offer to allow judgment or decree to be given against him for the sum, or the property, or to the effect therein specified. If the plaintiff accepts the offer, he shall by himself or attorney indorse such acceptance thereon, and file the same with the clerk before trial, and within three days from the time it was served upon him; and thereupon judgment or decree shall be given accordingly, as in case of a confession. * * *"

Defendant argues that where there is an acceptance of an "offer of compromise" pursuant to ORS 17.055 there is no "prevailing party" as required in ORS 20.096. We disagree.

Although the document signed by defendant and the attorney for plaintiff was entitled "Offer of Compromise," it was in fact an offer to allow judgment against defendant. The document stated

"Defendant hereby offers to allow judgement to be given against him in the sum of $1583.66 (fifteen-hundred and eighty-three dollars and sixty-six cents) which is plaintiff's prayer plus prayed for interest."

A judgment order was entered on March 1, 1979 which stated

"* * * plaintiff shall have judgment as prayed for in the complaint * * *."

Final judgment was rendered for SSC, which is, therefore, the prevailing party and entitled to attorney fees.

The facts of this case are strikingly similar to those in *Colby v. Larson*, 208 Or 121, 297 P2d 1073, 299 P2d 1076, (1956), in which the court noted

"* * * if the defendant's position here were to be sustained, [the] purpose [of the law] would be defeated by the defendant ignoring a demand made pursuant to [the statute], secure in the knowledge that if action should be brought he could escape payment of an attorney's fee and other costs by

[364]

offering before trial to allow judgment to be given against him as provided in ORS 17.055." 208 Or at 126.

*See also Dean Vincent, Inc. v. Krishell Lab.*, 271 Or 359, 532 P2d 237 (1975); *Bivvins v. Unger*, 263 Or 239, 501 P2d 1262 (1972); *Garrison v. Cook*, 280 Or 205, 570 P2d 646 (1977).

Reversed and remanded for the determination of plaintiff's attorney fees.