Argued and submitted February 6, reversed March 4, 1980

STATE ex rel
STATE SCHOLARSHIP COMMISSION,
*Respondent,*

*v.*

MAGAR,
*Petitioner.*

(TC 34033, CA 13780, SC 26559)

607 P2d 167

Magar E. Magar, petitioner, Lake Oswego, appeared pro se.

Robert C. Cannon, Assistant Attorney General, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Denecke, Chief Justice, and Tongue, Howell, Lent and Linde, Justices. **

TONGUE, J.

---

**Linde, J., did not participate in this decision.

## TONGUE, J.

This is an action on a promissory note which provided for reasonable attorney fees in the event of a default. The only issue is whether the Court of Appeals was correct in reversing the trial court for denying attorney fees to the plaintiff. 42 Or App 361, 600 P2d 505 (1979).

The complaint alleged that defendant had defaulted in payment of the note and that $700 was a reasonable attorney's fee. It prayed for a judgment of $1,359 as the principal balance, with interest, and also for attorney fees in the sum of $700. The answer was a general denial, with affirmative defenses.

Prior to trial defendant served upon plaintiff, pursuant to ORS 17.055, an "offer to compromise" under which defendant offered "to allow judgment to be given against him in the sum of $1,583 * * * which is plaintiff's prayer plus prayed for interest." That offer did not, however, include an offer to allow judgment to be entered for the $700 claimed for attorney fees. Plaintiff then filed a motion to amend its complaint to delete "$700" and "attorney fees in the sum of $700" and to substitute "a reasonable attorney's fee." Plaintiff also made an oral motion for allowance of attorney fees.

The court then entered a judgment which, after reciting that "the defendant having made an offer of compromise pursuant to ORS 17.055 which was accepted by the plaintiff," ordered that "plaintiff shall have judgment as prayed for in the complaint for $1,359 together with accrued interest * * *," but also ordered that "neither party shall recover attorney fees."

Plaintiff appealed from that judgment, contending that the trial court erred in denying its motion for attorney fees "as the prevailing party under the terms of the promissory note" and that:

"Defendant's pretrial offer to compromise was in essence a confession of judgment. Regardless of the

[637]

term used to describe the procedure employed by
defendant to allow a judgment to be entered against
him, it does not change the terms of the note provid-
ing for attorney fees to SSC as the prevailing party."

In support of these contentions plaintiff cited ORS
20.096 and *Colby v. Larson,* 208 Or 121, 297 P2d 1073,
299 P2d 1076 (1956), among other cases.

Defendant contended that when there is an accept-
ance of an "offer of compromise" under ORS 17.055
there is no "prevailing party" under ORS 20.096.

The Court of Appeals, in reversing the trial court
and in sustaining plaintiff's contention that it was
entitled to attorney fees as the "prevailing party," held
that "[a]lthough the document signed by defendant
and the attorney for plaintiff was entitled 'Offer of
Compromise' it was in fact an offer to allow judgment
against defendant"; that the judgment as entered was
"for" the plaintiff which was, "therefore, the prevail-
ing party and entitled to attorney fees." (42 Or App at
364). That court also said that "the facts of this case
are strikingly similar to those in *Colby v. Larson,"*
*supra,* in which this court said (at 126) that:

" * * * if the defendant's position here were to be
sustained, this clear legislative purpose would be
defeated by the defendant ignoring a demand made
pursuant to ORS 20.080, secure in the knowledge
that if action should be brought he could escape
payment of an attorney's fee and other costs by
offering before trial to allow judgment to be given
against him as provided in ORS 17.055."

We disagree with this reasoning by the Court of
Appeals. First of all, the facts of this case are substan-
tially different than those in *Colby.* The statute under
which plaintiff sought attorney fees in that case was
ORS 20.080, which then provided for attorney fees as a
part of costs in certain tort actions in which the
amount prayed for was less than $500 (since increased
to $3,000) when a written demand for payment had
been made not less than 10 days before filing the
action. On the other hand, ORS 20.096 (as relied upon

[638]

by this defendant), provides for attorney fees to the prevailing party in actions on contracts, and then only those contracts which "specifically provide for attorney fees."[1]

*Colby* was a tort action for $372 in damages. The complaint alleged that such a written demand had been made upon defendant and refused by him. Defendant's answer admitted his liability in the full amount of damages sued for, but denied plaintiff's right to recover an attorney's fee and alleged a tender by the deposit of $372 with the clerk of the court. The trial court entered judgment in that amount, but denied plaintiff's cost bill, which included $250 as attorney fees.

In holding that the plaintiff in *Colby* was entitled to attorney fees under ORS 20.080 this court rejected defendant's contention that because before trial, but after commencement of the action, he had offered to allow judgment to be entered against him in the full amount prayed for, plaintiff could not recover costs, including attorney fees, by reason of ORS 17.055 and held that the "evil" which the legislature sought to alleviate by the adoption of ORS 20.080 was (at 126) that:

"Frequently the injured person might forego action upon a small claim because he realized that, after paying his attorney, his net recovery would not be worth the time and trouble of a vexatious law suit. The legislature may have found that tort feasors or

---

[1] ORS 20.096 provides:

"(1) In any action or suit on a contract, where such contract specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or not, at trial or on appeal, shall be entitled to reasonable attorney fees in addition to costs and necessary disbursements.

"* * * * *

"(3) As used in this section and ORS 20.097 'prevailing party' means the party in whose favor final judgment or decree is rendered.

"(4) As used in this section and ORS 20.097 'contract' includes any instrument or document evidencing a debt."

their insurance carriers frequently rejected meritorious claims of this kind because of this known reluctance of injured persons to litigate. Claims which in honesty and fairness should have been paid were not paid, and it was to remedy this evil that the statute was passed."

And, as previously noted, that purpose would be defeated if a defendant could ignore a demand made under that statute and then wait until an action was brought before offering payment of the claim, thereby escaping attorney fees and other costs.

No such "evil" was sought to be alleviated by the legislature in the adoption of ORS 20.096, upon which the plaintiff relies in this case as the basis of its claim for attorney fees. Instead, the obvious reason for its adoption was to enable a defendant to claim attorney fees when he is successful in resisting an action on a contract which provides for payment of attorney fees incurred to enforce the provisions of the contract.

Of more importance, however, is the fact that in this case defendant's "offer of compromise" under ORS 17.055 was not an offer to pay the entire amount of the judgment prayed for by plaintiff's complaint, as in *Colby*. Also, there was no acceptance of a limited offer of compromise in *Colby*. In this case the complaint expressly sought a judgment against defendant not only for the balance due on the promissory note, but also for attorney fees in the amount of $700, later amended to read "reasonable attorney fees." There is no good reason why a defendant in a case such as this should not be permitted to make an "offer of compromise" under ORS 17.055 limited to payment of the amount sought as a judgment for the balance due on the note, without making an offer to also pay the amount sought as a judgment against him for attorney fees.[2]

---

[2] ORS 17.055 provides:

"Except as provided in ORS 17.065 to 17.085, the defendant may, at any time before trial, serve upon the plaintiff an offer to allow
*(Continued on following page)*

[640]

We also perceive no good reason why a plaintiff who accepts such a limited offer of compromise should not be bound by his acceptance. If the plaintiff in such a case decides to pursue his demand for a judgment that will include attorney fees, he is at liberty to do so by rejecting the offer and going to trial. If, however, as in this case, the plaintiff accepts an offer which, by its terms, does not include an offer for payment of attorney fees, we believe that plaintiff is bound by the terms of the contract which has resulted from his acceptance of such an offer and cannot thereafter contend that he is entitled to attorney fees as the "prevailing party" under ORS 20.096.

ORS 17.055 provides that upon the acceptance of an offer of compromise "judgment or decree shall be given accordingly." The entry of a judgment based upon the acceptance of an offer of compromise under ORS 17.055 is, in effect, the entry of a consent decree. We have previously held that "a judgment or decree entered by consent of the parties is in the nature of a contract, approved by the court." *Nieminen v. Pitzer*, 281 Or 53, 57, 573 P2d 1227 (1978). As also held in *Westfall v. Wilson*, 255 Or 428, 431, 467 P2d 966 (1970), quoting from a previous decision:

"* * * As a result, such a decree is so binding as to be absolutely conclusive upon the consenting parties, and it can neither be amended or in any way varied without a like consent, nor can it be reheard, appealed from, or reviewed upon a writ of error. The

---

*(Continued from previous page)*
judgment or decree to be given against him for the sum, or the property, or to the effect therein specified. If the plaintiff accepts the offer, he shall by himself or attorney indorse such acceptance thereon, and file the same with the clerk before trial, and within three days from the time it was served upon him; and thereupon judgment or decree shall be given accordingly, as in case of a confession. If the offer is not accepted and filed within the time prescribed, it shall be deemed withdrawn, and shall not be given in evidence on the trial; and if the plaintiff fails to obtain a more favorable judgment or decree, he shall not recover costs, but the defendant shall recover of him costs and disbursements from the time of the service of the offer."

one only way in which it can be attacked, or impeached, is by an original bill alleging fraud in securing the consent."

As also held in *Schmidt v. Oregon G. Mining Co.*, 28 Or 9, 40 P 406, 1014 (1895) at 25:

"Consent excuses error, and ends all contention between the parties. It leaves nothing for the court to do but to enter what the parties have agreed upon, and when so entered the parties themselves are concluded. From such a decree there is no appeal. * * *"

Upon application of these statutory provisions and these principles to the acceptance of an offer to allow entry of a judgment which does not include a part of the judgment sought by the complaint—in this case a judgment for attorney fees—we hold that the only judgment that can properly be entered is one which is in accordance with the terms of the offer, as accepted. It follows, in our judgment, that in this case a judgment was properly entered only for the balance due on the promissory note, with interest, as offered by the defendant, and that the trial court did not err in refusing to enter judgment for an additional amount as attorney fees. It follows that we must reverse the decision by the Court of Appeals.

Reversed.