**LORENTZ BRUUN COMPANY, INC.,**
*Appellant,*

*v.*

**EXECULODGE CORPORATION,**
Patrick G. Lockhart, and
Rosemary H. Lockhart,
*Respondents,*

*and*

**O'CALLAHAN'S RESTAURANT, INC.,**
Pacific First Federal Savings Bank,
Airflow Engineering, Inc. and
Arctic Sheet Metal, Inc.,
*Defendants.*

(A8810-05495; CA A62507)

802 P2d 79

David J. Sweeney, Portland, argued the cause and filed the briefs for appellant. With him on the briefs were Paul G. Dodds and Brownstein, Rask, Sweeney, Kerr, Grim & DeSylvia, Portland.

Marvin S. Nepom, Portland, argued the cause and filed the brief for respondents.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Plaintiff appeals from an order setting aside a confession of judgment. ORCP 71B.[1] It argues that the trial court did not apply the correct legal standard and also contends that there is insufficient evidence of mistake or excusable neglect to support the trial court's holding. We reverse and remand.

As part of an agreement to settle pending litigation, plaintiff was authorized to file a confession of judgment if defendants[2] failed timely to make a payment required by the agreement. Under the agreement, a payment was due on April 28, 1989. To obtain financing for it, defendants obtained a loan from a bank, secured by real property. The loan proceeds could not be disbursed until defendants' escrow agent had recorded two trust deeds that secured the loan. On April 27, the escrow agent contacted plaintiff's attorney to obtain a payoff figure. After defendants signed the closing documents on April 28, the escrow agent determined that the transaction could not be closed without written escrow instructions from plaintiff's attorney. Later that same day, plaintiff's attorney notified the escrow agent that the payoff figure was incorrect and agreed to extend the time for payment until May 1, because no one was available on April 28 to sign a document.

On May 1, plaintiff's attorney provided written instructions to the escrow agent that required that the transaction close by 5:00 p.m. of that day. However, the transaction did not close, because the bank's wire transfer deadline was missed. Later on May 1, defendants' attorney (Young) called plaintiff's attorney (Jensen) to request an extension of the deadline, which was denied.

On May 2, defendants delivered a check to the escrow agent. In a meeting that day with Young, Jensen maintained that defendants had breached the terms of the agreement by failing to make the payment timely, and he told Young that he would file the confession of judgment on May 3. Young said he

---

[1] ORCP 71B provides, in part:

"On motion and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect * * *."

[2] Defendants Execulodge Corporation, Patrick G. Lockhart and Rosemary H. Lockhart are the only parties to this appeal.

would oppose the filing of the judgment and would appear in court the next morning with witnesses to voice his opposition. Later that afternoon, Jensen called Young and told him that he would not be in court the next day. According to Young, he asked Jensen to notify him if he was going to file the judgment, and Jensen agreed that he would let him know what he was going to do. Jensen testified that he never told Young that he would give him notice before filing the confession of judgment. On May 5, the escrow agent closed the transaction, and plaintiff accepted payment "without prejudice and with reservation of all of the rights" under the settlement agreement. On May 15, Jensen appeared *ex parte* and filed the confession of judgment. Defendants moved to vacate the judgment, and the trial court granted the motion.

■     Plaintiff relies on *Nieminen v. Pitzer,* 281 Or 53, 573 P2d 1227 (1978), and *Wershow v. McVeety Machinery,* 263 Or 97, 500 P2d 696 (1972), and argues that, in addition to the requirements of ORCP 71, adequate grounds to justify rescission of a contract must exist before a consent judgment can be set aside. Those cases hold that a judgment entered by consent of the parties is in the nature of a contract and cannot be set aside except on grounds adequate to justify rescission of a contract. *Nieminen v. Pitzer, supra,* 281 Or at 57; *see also Erwin and Erwin,* 100 Or App 64, 784 P2d 1109 (1990). However, those cases apply to issues involving the *formation* of the agreement. They are inapposite in this case, because defendants' attempt to set aside the judgment is based on circumstances that occurred *after* the formation of the agreement. The trial court did not err in failing to consider whether there were adequate grounds to justify rescission of the settlement agreement when it exercised its discretion under ORCP 71B.

Plaintiff next contends that the trial court erred in concluding that defendants established mistake or excusable neglect under ORCP 71B. Defendants argue that plaintiff filed the consent judgment after misleading defendants into believing that the matter would not be submitted to the court without notice to them and that the untimely payment was excused, because plaintiff gave an incorrect payoff figure to the escrow agent. We review a trial court's ruling on a motion to set aside a judgment for abuse of discretion. *Pacheco v. Blatchford,* 91 Or App 390, 392, 754 P2d 1219, *rev den* 306 Or 660 (1988). The trial court made these findings:

"The Court finds that Defendant[s] began the process of complying with the terms of the structured settlement prior to the date due on the obligation. However, Defendant[s] started late and [their] method of financing and [their] choice of proceeding through an escrow agent created roadblocks toward meeting the deadline. In effect, Defendant[s] turned over [their] obligation to pay Plaintiff by the deadline date to a third party and [were] somewhat passive leaving the escrow agent to complete the transaction.

"Plaintiff had no obligation to provide a monetary figure to either Defendant[s] or the escrow agent, but once asked Plaintiff complied causing some additional time delays - although within the deadline date.

"The deadline date was missed and Plaintiff filed the confession of judgment. Plaintiff was entitled by the agreement to file the judgment and, indeed, based on past dealings with Defendant[s] may have been remiss not to file the judgment to protect his interests.

"I find the judgment to have been entered as a result of Defendant[s]' mistake or excusable neglect which requires this Court to set aside the judgment."

■ The court's opinion does not explain what conduct it believed constituted mistake or excusable neglect under ORCP 71B. A trial court does not have the authority to change the terms of a settlement agreement. *State ex rel State Scholarship Com'n v. Magar,* 288 Or 635, 607 P2d 167 (1980); *Westfall v. Wilson,* 255 Or 428, 467 P2d 966 (1970). If, as the trial court found, plaintiff was entitled under the agreement to file the confession of judgment, then the court was without authority to vacate it under ORCP 71B. To do so would have the effect of changing the due date for the payment that the parties agreed upon.

■ Because we cannot determine what evidence the trial court found credible or otherwise determine the basis for its ruling, we cannot review for abuse of discretion. On remand, the trial court should determine if plaintiff's extension of the payment date to May 1 and its subsequent rigid adherence to that date was within the contemplation of the agreement. If so, defendants' failure to make the payment on that date is a breach of the agreement, and the trial court had no authority under ORCP 71B to grant defendants relief. If plaintiff

waived the timeliness of payment requirement or if it is estopped from insisting on payment on a certain date, or from filing the confession of judgment,[3] then a ground may exist for vacation of the judgment under ORCP 71B. The court must make the appropriate findings.

Reversed and remanded for proceedings not inconsistent with this opinion.

---

[3] ORCP 73B and C provide:

"B. A statement in writing must be made, signed by any party against whom judgment is to be entered or a person authorized to bind such party, and verified by oath, as follows:

"B.(1) It must authorize the entry of judgment for a specified sum;

"B.(2) It must state concisely the facts out of which it arose, and show that the sum confessed therefor is justly and presently due;

"B.(3) It must contain a statement that the person or persons signing the judgment understands that it authorizes entry of judgment without further proceeding which would authorize execution to enforce payment of the judgment; and

"B.(4) It must have been executed after the date or dates when the sums described in the statement were due.

"C. Judgment by confession may be ordered by the court upon the filing of the statement required by section B. of the rule. The judgment may be entered and enforced in the same manner and with the same effect as a judgment in an action."