Argued and submitted May 8, 1991, decision of Court of Appeals vacated; appeal
dismissed July 30, reconsideration denied September 29, 1992

LORENTZ BRUUN COMPANY, INC.,
*Respondent on Review.*

*v.*

EXECULODGE CORPORATION,
Patrick G. Lockhart
and Rosemary H. Lockhart,
*Petitioners on Review,*

*and*

O'CALLAHAN'S RESTAURANT, INC.,
Pacific First Federal Savings Bank,
Airflow Engineering, Inc.,
and Arctic Sheet Metal, Inc.,
*Defendants.*

(CC A8810-05495; CA A62507; SC S37762)

835 P2d 901

Marvin S. Nepom, Portland, argued the cause and filed the petition for petitioners on review.

David J. Sweeney, of Brownstein, Rask, Sweeney, Kerr, Grim & DeSylvia, Portland, argued the cause and filed the responses for respondents on review. With him on the response was Paul G. Dodds.

FADELEY, J.

**FADELEY, J.**

This case presents the issue of whether a trial court order setting aside a judgment entered *ex parte* based on a confession of judgment is an appealable order under ORS 19.010 or any other statute. The trial court granted defendant's motion to set aside the judgment because of "mistake or excusable neglect" under ORCP 71 B(1).[1] The Court of Appeals reversed and remanded with instructions that the trial court enter specific findings of fact as to what constituted the excusable neglect upon which it set aside the judgment. *Lorentz Bruun Company v. Execulodge Corp.*, 104 Or App 488, 802 P2d 79 (1990).

We initially accepted review to decide substantive issues of law. The jurisdictional issue of appealability of the order, however, must be answered before other issues may be reached on appeal. "As a review court, we have held, on our own motion, that a case in which we have allowed review must be dismissed for want of appellate jurisdiction in the Court of Appeals." *State v. Curran*, 291 Or 119, 122, 628 P2d 1198 (1981) (citing *Ragnone v. Portland School District No. 1J*, 289 Or 339, 613 P2d 1052 (1980)).

We hold that an order setting aside a judgment entered *ex parte* based on a confession of judgment is not appealable and, thus, that the Court of Appeals lacked jurisdiction. We vacate the decision of the Court of Appeals and dismiss the appeal without reaching the other issues raised by the parties on appeal.

The dispute between these parties arose when defendants failed to pay plaintiff for construction work. The parties settled plaintiff's claim by written agreement in February of 1989. By the terms of that agreement, defendants were to pay plaintiff in three payments: one was due immediately, the second was due on April 28, 1989, and the third was due a year later in February of 1990. To secure payment, plaintiff

---

[1] ORCP 71 B(1) states in part:

"On motion and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect * * *."

received a trust deed covering defendants' realty and a confession of judgment. These security items were to be canceled and returned upon "full and timely" payment.

Defendants arranged a loan for the second payment which was to be made through an escrow, but the funds did not arrive by April 28 or by an extension granted until May 1. Defendant was unable to deliver payment until May 2, 1989. On May 5, 1989, plaintiff received and kept the second payment which included interest. Although the settlement payment schedule provided that the last payment was not due until February of 1990, plaintiff's attorney appeared at court *ex parte* on May 15, 1989, and obtained entry of a judgment against defendants based on the confession of judgment.[2] Upon learning of the judgment, defendants moved to set aside the judgment under ORCP 71 B. The trial court granted the motion, and plaintiff's appeal followed.

■ The right to an appeal is statutory, and jurisdiction for an appeal must be granted by statute. *Waybrant v. Bernstein*, 294 Or 650, 653, 661 P2d 931 (1983).[3] This court requested supplemental briefs from the parties on the question of what statute provides appellate jurisdiction for an order setting aside a judgment entered *ex parte* without trial. Plaintiff contends, in the alternative, that either ORS 19.010(2)(a) or (2)(c) provides jurisdiction. We consider whether the order setting aside the judgment is appealable under ORS 19.010(2)(d). ORS 19.010 (2)(a), (c), and (d) provide:

"For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:

"(a) An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein.

"* * * * *

---

[2] The amount of the confession and the judgment were substantially more than the final payment not yet due. Plaintiff's attorney apparently acted on the belief that the lateness of the $200,000 payment entitled plaintiff to use the confession of judgment.

[3] Plaintiff's brief in the Court of Appeals complied with ORAP 5.40, which requires a "statement of the statutory basis of appellate jurisdiction," by referring to ORS 19.010(1). The order designated in the notice of appeal is, however, not a final judgment and cannot be appealed as one.

"(c) A final order affecting a substantial right, and made in a proceeding after judgment or decree.

"(d) An order setting aside a judgment and granting a new trial."

First, we consider whether subsection (2)(d) is a source of appellate jurisdiction. The order contemplated in subsection (2)(d) is one that occurs after a trial or dispositive hearing because the statutory description of the order that would be appealable includes granting a *new* trial as well as setting aside a judgment.[4] We have held that an order that set aside a summary judgment is appealable under ORS 19.010 2(d) because it is "an order setting aside a judgment and granting a new trial." *Carter v. U.S. National Bank*, 304 Or 538, 747 P2d 980 (1987). In *Carter*, the court explained that when a court grants summary judgment, it has decided that no material issues of fact existed. A court making such a decision, unlike one entering a judgment *ex parte*, has examined the facts during a hearing or trial and reached legal conclusions based on the hearing or trial. 304 Or at 544. In this case, however, there has been no trial, and thus no possible foundation for an order for a *new* trial exists. Jurisdiction, consequently, cannot be founded on subsection (2)(d).

■ Second, subsection (2)(c) does not supply appellate jurisdiction because the order in this case is not a final order. Further proceedings are contemplated before the outcome of the case is determined. There has been no determination as to whether plaintiff is entitled in fact or in law to a judgment based on the confession.[5]

■ Finally, subsection (2)(a) does not confer jurisdiction because the order in this case did not "prevent a judgment." Plaintiff contends that, if the judgment is erased, then the court has decided that plaintiff is not entitled to a judgment by confession and thus no issue remains to be litigated. Contrary to plaintiff's assertion, the issue of whether plaintiff is

---

[4] *See also Moran v. Lewis*, 274 Or 631, 547 P2d 627 (1976) (orders are not appealable until the controversy is completely and finally settled in the trial court).

[5] *See Hiatt v. Congoleum Industries*, 279 Or 569, 579, 569 P2d 567 (1977) (discussing the courts' policy of affording trials on the merits as a reason for being liberal in setting aside a judgment when questions of fact or law have not been litigated).

factually and lawfully entitled to a judgment based on the confession of judgment remains unlitigated.[6] The order setting aside the *ex parte* judgment does not foreclose plaintiff from seeking judgment at a trial. It does allow both plaintiff and defendant the opportunity to appear in court to litigate the issue. Before ending our consideration of plaintiff's contentions, we review related decisions by this court.

Courts interpreting statutes look to the text and context of the statute, *e.g., State ex rel Davey v. Frankel*, 312 Or 286, 290, 823 P2d 394 (1991), and, when the court has previously interpreted a specific statute, its meaning is thenceforth what the court has interpreted it to mean. *Walther v. SAIF*, 312 Or 147, 149, 817 P2d 292 (1991). Interpreting ORS 19.010, this court has stated that, "where an appellant's motion to vacate [a judgment] was based upon a contention that the prior judgment was entered against him or her as a result of his or her 'mistake, inadvertence, surprise, or excusable neglect' (*i.e.,* a motion pursuant to ORCP 71 B.(1)(a) or its predecessor, ORS 18.160), a *denial* of that motion is appealable." *Waybrant v. Bernstein, supra,* 294 Or at 654-55 (emphasis added). However, a different rule of law governs appealability of an order *granting* a motion to set aside a judgment entered without a trial. Interpreting ORS 19.010, this court has said, *"[a]n order setting aside a default judgment whether made 'rightly or wrongly' is not appealable." Wershow v. McVeety Machinery*, 263 Or 97, 101, 500 P2d 696 (1972) (emphasis added).[7] The reason for this rule is that the controversy underlying a default or other judgment

---

[6] A confession of judgment was available under *former* ORS 26.010 to 26.130 (1979) and is now provided by ORCP 73. ORCP 73 B(2) specifically requires that the writing evidencing the confession of judgment "must state concisely the facts out of which it arose, and show that the sum confessed therefor is justly and presently due."

This language and requirement has been retained in the same or similar form for over one hundred years. *Richardson v. Fuller*, 2 Or 179, 181 (1866), held that the mere statement that a sum of money was based on a debt and justly owed to plaintiff was insufficient to support the confession of judgment without more of a showing.

The issue, raised by the requirements of ORCP 73 B(2), that the amount of the judgment must be shown to be "justly and presently due," remains unlitigated and as yet undecided. *See also* Merrill, Oregon Rules of Civil Procedure: 1992 Handbook 215 (1992) (staff comment that "the use of the device is limited to amounts due"); 49 CJS 269, *Judgments* § 134 (equating judgments by confession and default judgments).

[7] The Court of Appeals correctly followed this rule in *Donahoo v. Zacharias*, 85 Or App 551, 552, 737 P2d 1250 (1987).

entered *ex parte*, unlike the dispute underlying an order granting a new trial, has not yet been litigated and still can be. *Id.* at 99.

No subsection of ORS 19.010, nor any other statutory provision of which we are aware, grants appellate jurisdiction in this case. As we have held concerning default judgments, we hold that an order, made pursuant to ORCP 71 B, setting aside a judgment entered *ex parte* on a confession of judgment is not appealable.

The decision of the Court of Appeals is vacated; the appeal is dismissed.