Argued and submitted January 18, appeal dismissed November 15, 2000

In the Matter of the Marriage of

Rhonda Diane MANN,
*Appellant,*
*and*

Clifford Glenn MANN,
*Respondent.*

(95-0969; CA A104223)

15 P3d 42

Melvin T. Rollema argued the cause and filed the brief for appellant.

Nancy M. Brady argued the cause and filed the brief for respondent.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

PER CURIAM

## PER CURIAM

Wife appeals from an interlocutory ruling setting aside a judgment of unlimited separation and scheduling a new hearing. In May 1995, wife petitioned for dissolution of her marriage. She later filed an amended petition for unlimited separation. Husband defaulted. On December 29, 1995, the trial court entered a stipulated judgment of unlimited separation. The judgment recites that although husband defaulted, he still stipulated to entry of the judgment. Wife later filed a petition for dissolution in the same proceeding. Midway through the hearing on that petition, the trial court entered an order setting aside the judgment of unlimited separation and rescheduling the hearing to permit the parties to try the issues addressed in the stipulation.

Wife appeals from that order. She argues that we have jurisdiction because the court's interlocutory ruling is "[a]n order setting aside a judgment and granting a new trial." *See* ORS 19.205(2)(d). The rescheduled hearing is not a new trial, however. *See Lorentz Bruun Company v. Execulodge Corp.*, 313 Or 600, 604, 835 P2d 901 (1992). Because the stipulated judgment of separation was entered without a trial, the order setting aside the judgment cannot be said to have granted a *new* trial. *See id.* (an ORCP 71 B(1) order setting aside a default judgment did not grant a new trial). Because wife's appeal fails on that ground, we need not decide whether there are other impediments to her reliance on ORS 19.205(2)(d).

Appeal dismissed.