Argued and submitted October 12, 2018, reversed and remanded
January 8, 2020

Eric C. BUSH, an individual,
*Plaintiff-Respondent,*

*v.*

CITY OF PRINEVILLE,
a political subdivision of the State of Oregon;
Michael Boyd, an individual;
League of Oregon Cities;
and Association of Oregon Counties,
dba Local Government Personnel Institute,
*Defendants-Appellants.*

Crook County Circuit Court
14CV08987; A165637

457 P3d 324

Defendants appeal a supplemental judgment awarding attorney fees and costs to plaintiff, who prevailed in an action stemming from the termination of plaintiff's employment. Plaintiff's complaint alleged both fee-bearing and nonfee-bearing claims. After plaintiff accepted ORCP 54 E offers of judgment from defendants, the trial court entered a supplemental judgment awarding plaintiff attorney fees joint and severally against all defendants on all of plaintiff's claims. The trial court concluded that plaintiff's acceptance of the defendants' offers of judgment, and the corresponding stipulated judgments entered thereafter, created contracts that entitled plaintiff to fees on all of his claims, whether fee-bearing or nonfee-bearing. Defendants appeal, arguing in two separate briefs that the trial court erred in awarding plaintiff attorney fees for his nonfee-bearing claims. *Held*: The text of the offers and the corresponding stipulated judgments entitled plaintiff to seek fees under ORCP 68 based on the existing claims in the lawsuit, but the offers and stipulated judgments did not themselves create a substantive right to fees on any of plaintiff's claims. The trial court erred in ruling otherwise.

Reversed and remanded.

A. Michael Adler, Judge.

Robert E. Franz, Jr., argued the cause for appellants City of Prineville and Michael Boyd. Also on the briefs was Law Office of Robert E. Franz, Jr.

Janet M. Schroer argued the cause for appellants League of Oregon Cities and Association of Oregon Counties. Also on the briefs were Lindsay H. Duncan and Hart Wagner LLP.

Roxanne L. Farra argued the cause for respondent. Also on the briefs were Roxanne L. Farra, P.C., R. Kyle Busse, and Busse & Hunt.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Shorr, Judge.

SHORR, J.

Reversed and remanded.

**SHORR, J.**

Defendants appeal from a supplemental judgment awarding attorney fees and costs to plaintiff, who prevailed in an action stemming from the termination of plaintiff's employment. After plaintiff accepted defendants' offers of judgment under ORCP 54 E, the trial court entered a supplemental judgment awarding plaintiff $639,932.00 in attorney fees and $1,654.88 in costs. Defendants, the City of Prineville (city) and its police captain (collectively, the city defendants) and the Local Government Personnel Institute (LGPI), raise several assignments of error challenging the court's award of attorney fees. We write to address only one assignment of error common to all defendants: that the trial court erred by awarding attorney fees for claims other than the claims related to wrongful discrimination under ORS 659A.082. Because we conclude that the trial court erred in ruling that the offers of judgment themselves created a contract that entitled plaintiff to attorney fees for all of his claims, including claims for which there is no right under law to prevailing party attorney fees, we reverse the supplemental judgment awarding attorney fees and remand to the trial court.

To provide context for our discussion of the award of fees in this case, we first summarize the underlying facts that resulted in plaintiff's fee award. Plaintiff served as the city's police chief. Plaintiff also served in the Oregon National Guard and, in 2013, received a promotion within the National Guard that required him to travel overseas between 74 and 139 days per year. While plaintiff was overseas serving in the National Guard, the city retained LGPI to investigate plaintiff's use of leave to perform duties unrelated to his position as the city's police chief. When plaintiff returned from his overseas service and attempted to return to work for the city, he was informed that he had been placed on administrative leave pending the results of LGPI's investigation.

The city ultimately fired plaintiff after the conclusion of LGPI's investigation, and plaintiff brought an action against defendants shortly thereafter. Plaintiff alleged that, by investigating and then firing plaintiff after he had taken

leave to perform National Guard duties, the city had violated ORS 659A.082, which prohibits discrimination against a uniformed service member because of the member's service, and that LGPI had aided and abetted the city in that discriminatory endeavor in violation of ORS 659A.030(1)(g). Plaintiff also alleged a number of common-law claims against only the city defendants, including wrongful discharge, intentional infliction of emotional distress, and defamation. In his complaint, plaintiff claimed an entitlement to attorney fees based on his statutory discrimination claim.[1]

On October 2, 2014, the city defendants made an offer of judgment under ORCP 54 E to allow a judgment to be entered against them for "all damages claimed against them in this action in the gross amount of [$666,701], plus reasonable attorney fees, costs and disbursements as determined pursuant to ORCP 68." Plaintiff accepted that offer. The trial court entered an amended stipulated judgment against the city defendants reflecting the terms of the offer. Consistently with the offer, that judgment, in relevant part, ordered that

> "Plaintiff be awarded his reasonable attorney fees, costs and disbursements, *with the amount of same to be determined by this Court at a later date pursuant to ORCP 68.*"

(Emphasis added.)

Approximately six months later, LGPI made its own offer of judgment to plaintiff. Under the terms of that offer, LGPI allowed judgment to be entered against it in the amount of $250,001. Unlike the city defendants' offer, LGPI's offer of judgment did not include an offer to pay reasonable attorney fees. Plaintiff accepted LGPI's offer, and the trial court later entered a stipulated judgment. Although LGPI's offer did not include any mention of attorney fees, the stipulated judgment entered against LGPI ordered—in terms identical to the judgment entered against the city defendants—that

> "Plaintiff be awarded his reasonable attorney fees, costs and disbursements, with the amount of same to be determined by this Court at a later date pursuant to ORCP 68."

---

[1] Plaintiff's complaint asserted a right to attorney fees "pursuant to the provisions of ORS 659A.885; ORS 20.107; ORS 20.115; ORS 20.190; and ORCP 68."

Plaintiff later submitted a statement of attorney fees to the trial court "pursuant to [the city defendants'] Offer of Judgment and the Amended Stipulated Limited Judgment entered herein, and Defendant [LGPI's] Offer of Judgment and the Stipulated General Judgment entered herein." Plaintiff requested a total of $622,225 in fees and an additional $18,658 in costs, for a total of $640,883. Plaintiff did not attempt to apportion fees among his different claims or the different defendants.

The city defendants and LGPI objected to plaintiff's fee request on a number of grounds. As is relevant to this opinion, defendants argued that plaintiff was entitled to attorney fees on only his fee-bearing statutory discrimination claims, because "one cannot recover attorney fees" for common-law claims and because plaintiff did not allege a right to attorney fees for those claims in his complaint. After a hearing, the trial court rejected defendants' arguments and concluded that all defendants were jointly and severally liable for plaintiff's attorney fees on all of plaintiff's claims. The court determined that plaintiff's acceptance of defendants' offers of judgment created contracts that provided plaintiff with a substantive right to all of his attorney fees, regardless of whether plaintiff had initially pleaded fee-bearing or nonfee-bearing claims. As the court explained in a letter opinion, its decision was based on its conclusion that the offers of judgment made by defendants and accepted by plaintiff formed contracts that included offers to pay plaintiff's reasonable attorney fees incurred for all claims, not just plaintiff's fee-bearing statutory discrimination claim:

> "The plaintiff's claim for attorney fees is based upon the contract between the plaintiff and the defendants arising from the plaintiff's acceptance of the defendants' Offers of Judgment.
>
> "The court finds that plaintiff's claim for attorney fees is not limited to the First Claim for Relief, and that plaintiff is entitled to attorney fees on all claims."

The trial court then entered a supplemental judgment awarding plaintiff attorney fees. In that judgment, the court clarified that the terms of the parties' contracts were reflected in both the offers of judgment and the respective

corresponding stipulated judgments entered against defendants. Defendants now appeal that supplemental judgment.

The city defendants raise six assignments of error, and LGPI raises three assignments of error. We write to address only the city defendants' second assignment of error, which overlaps with LGPI's first assignment of error: that the trial court erred by awarding attorney fees for claims other than the claims related to wrongful discrimination under ORS 659A.082. For the reasons that follow, we conclude that the trial court erred in determining that the offers of judgment and the corresponding stipulated judgments provided plaintiff a substantive basis for attorney fees on all of his claims, including nonfee-bearing claims. Because we remand for that reason, we do not address any of the defendants' remaining assignments of error.[2]

We begin with the city defendants' appeal. The city defendants argue that the trial court erroneously awarded fees related to all of plaintiff's claims instead of awarding fees against them only for plaintiff's discrimination claim under ORS 659A.082, because it was the only claim for which fees were authorized by statute.[3] As a general rule, the prevailing party in a legal proceeding is not entitled to an award of attorney fees unless the award is authorized by statute or contract. *Goodsell v. Eagle-Air Estates Homeowners Assn.*,

_____

[2] We note that one of the other assignments of error common to both sets of defendants is that the trial court erred in determining that the Oregon Tort Claims Act (OTCA) did not apply to this case. Defendants had argued to the trial court that the OTCA applied to awards of attorney fees and should bar or limit plaintiff's fee award in this case. Plaintiff argued, among other things, that, if the OTCA applied, the city defendants had waived the OTCA's limitation on liability by offering an amount that exceeded the cap by $1. The trial court dismissed that argument as follows:

"The court finds that the defendants' argument that an award of attorney fees is precluded by the Oregon Tort Claims Act is without merit. The plaintiff's claim for attorney fees is based upon the contract between the plaintiff and the defendants arising from the plaintiff's acceptance of the defendants' Offers of Judgment."

Because the trial court ruled that plaintiff's entitlement to fees sounded in contract, it ruled that the OTCA did not apply, and it did not address the parties' arguments on the merits. It is appropriate for the trial court to determine in the first instance on remand the applicability of the OTCA to this case.

[3] Under ORS 659A.885(1), a plaintiff who prevails in a claim brought under ORS 659A.082 may be awarded reasonable attorney fees as determined by the trial court.

280 Or App 593, 598, 383 P3d 365 (2016), *rev den*, 360 Or 752 (2017) (citing *Domingo v. Anderson*, 325 Or 385, 388, 938 P2d 206 (1997)). "An offer of judgment under ORCP 54 E is an agreement between the parties and is 'in the nature of a contract, approved by the court.'" *Miller v. American Family Mutual Ins. Co.*, 262 Or App 730, 737, 330 P3d 631 (2014) (quoting *Nieminen v. Pitzer*, 281 Or 53, 57, 573 P2d 1227 (1978)). "When a plaintiff has accepted a defendant's offer of judgment, the trial court's role is purely ministerial in that 'the only judgment that can properly be entered is one which is in accordance with the terms of the offer, as accepted.'" *Id.* (quoting *State ex rel State Scholarship Com'n v. Magar*, 288 Or 635, 642, 607 P2d 167 (1980)). Courts, therefore, must adhere to the agreed to terms of the offer of judgment.

Here, if the offer of judgment and the corresponding amended stipulated judgment reflected an agreement for the city defendants to provide plaintiff with his attorney fees for claims unrelated to the ORS 659A.082 claims, plaintiff is entitled to them. We turn to whether the city defendants' offer and the corresponding stipulated judgment included such a right to fees. Reviewing that issue for legal error, we conclude that they did not. *See Hadley v. Extreme Technologies, Inc.*, 272 Or App 49, 63, 355 P3d 132, *rev den*, 358 Or 449 (2015) (reviewing trial court's interpretation of contract provision for legal error).

Because an offer of judgment under ORCP 54 E is "in the nature of a contract, approved by the court," we apply the usual contract interpretation principles to determine and effectuate the intentions of the parties. Applying those principles, we consider first the pertinent text in the context of the offer or judgment as a whole and in light of the circumstances underlying the formation of the agreement.[4] *Yogman v. Parrott*, 325 Or 358, 361, 937 P2d 1019 (1997); *Batzer Construction, Inc. v. Boyer*, 204 Or App 309, 317, 129 P3d 773, *rev den*, 341 Or 366 (2006). If, after that first step, the

---

[4] The parties do not present extrinsic evidence of the circumstances underlying the formation of the offer of judgment that bears on the scope of the city defendants' offer of attorney fees, and so our consideration is limited to the text and context of the offer itself. *See Batzer Construction, Inc. v. Boyer*, 204 Or App 309, 315, 129 P3d 773, *rev den*, 341 Or 366 (2006) (stating that the court may consider at the first step extrinsic evidence regarding the formation of the contract).

intention of the parties is unambiguous, no further analysis is necessary, and we must "give the appropriate effect to the parties' intentions." *Industra/Matrix Joint Venture v. Pope & Talbot*, 341 Or 321, 332, 142 P3d 1044 (2006) (citing *Yogman*, 325 Or at 361). If an examination of the text and context reveals an ambiguity, the factfinder should consider extrinsic evidence of the parties' intent. *Batzer*, 204 Or App at 315. If the ambiguity persists, we rely on appropriate "maxims of construction" to determine the provision's meaning. *Id.* A contract provision is ambiguous only if, when examined in the proper context, it is reasonably susceptible to more than one plausible interpretation. *Heathman Hotel v. McCormick & Schmick Restaurant*, 284 Or App 112, 117, 391 P3d 892 (2017).

The city defendants argue that the trial court erred in ruling that plaintiff's claim for attorney fees was not limited to his statutory claim and that plaintiff was entitled to attorney fees on all claims based on the terms of the offer of judgment and the corresponding amended stipulated judgment. Plaintiff contends that the broad language used in the city defendants' offer of judgment did not limit plaintiff's award of attorney fees to a single claim, and that, because the city defendants drafted the offer, the terms should be construed against them. *See Berry v. Lucas*, 210 Or App 334, 339, 150 P3d 424 (2006) (noting that "it is a basic tenet of contract law that ambiguous language in a contract is construed against the drafter"). The critical defect in plaintiff's argument, however, is that he overlooks the relevant text in the offer, and its corresponding stipulated judgment, stating that his attorney fees are to be determined "pursuant to ORCP 68."

Here, the terms of the city defendants' offer of judgment stated that the city defendants would pay for plaintiff's reasonable attorney fees as determined by ORCP 68:

"Pursuant to ORCP 54 E, Defendants City of Prineville and Michael Boyd hereby offer to allow judgment to be entered against them and in favor of Plaintiff for all damages claimed against them in this action in the gross amount of six hundred and sixty-six thousand seven hundred and one dollars and no cents ($666,701.00), *plus*

> *reasonable attorney fees, costs and disbursements as determined pursuant to ORCP 68."*

(Emphasis added.) The amended stipulated judgment similarly provided that plaintiff would be awarded his attorney fees "with the amount of same to be determined by [the] Court at a later date pursuant to ORCP 68."

ORCP 68 is a rule that "governs the pleading, proof, and award of attorney fees in all cases, regardless of the source of the right to recover such fees." ORCP 68 C(1). ORCP 68 does not itself provide a right to recover attorney fees. It provides only a basis for seeking fees when there is an underlying right to fees. The city defendants' offer of judgment offered nothing more than an acknowledgement that plaintiff was entitled to attorney fees "as determined" in the manner allowed by ORCP 68. That is, there is no indication that the offer of judgment or the amended stipulated judgment created a contractual basis for awarding attorney fees beyond the parties' agreement that the court would decide the amount of attorney fees pursuant to ORCP 68. Therefore, based on the text of the offer and its acceptance and the amended stipulated judgment, plaintiff had a right to seek fees under ORCP 68 based on the existing claims in the lawsuit, but the offer and amended stipulated judgment did not themselves create a substantive right to fees on any of plaintiff's claims.

Moreover, the reference to ORCP 68 in the offer and amended stipulated judgment indicates that the parties intended for fees to be determined by the usual procedure, which includes the limiting principle, discussed above, that a prevailing party is not entitled to fees unless authorized by statute or contract. ORCP 68 requires that any party seeking attorney fees allege the basis for those fees in a complaint or responsive pleading. The rule states:

> "A party seeking attorney fees shall allege the facts, statute, or rule that provides a basis for the award of fees in a pleading filed by that party. Attorney fees may be sought before the substantive right to recover fees accrues. No attorney fees shall be awarded unless a right to recover fees is alleged as provided in this paragraph or in paragraph C(2)(b) of this rule."

ORCP 68 C(2)(a). That rule imposes a mandatory pleading requirement for those seeking an award of attorney fees. *Mulier v. Johnson*, 332 Or 344, 350, 29 P3d 1104 (2001); *cf. Page and Page*, 103 Or App 431, 434, 797 P2d 408 (1990) (holding that the statutory basis for attorney fees does not need to be pleaded when the facts alleged in the pleadings would provide the basis for such an award, the parties in the case have "fairly been alerted that attorney fees would be sought and no prejudice would result"). In his complaint, plaintiff alleged an entitlement to attorney fees *only* for his first claim of relief "pursuant to the provisions of ORS 659A.885; ORS 20.107; ORS 20.115; ORS 20.190; and ORCP 68." Plaintiff did not allege an entitlement to attorney fees for any claim other than his statutory discrimination claim, nor did the facts alleged in his complaint provide the basis for an award on any other claim. Additionally, plaintiff alleged no facts regarding the circumstances of formation of the offer of judgment that would indicate anything other than a statutory basis for an award of attorney fees. *See Batzer*, 204 Or App at 317 (stating that the court may consider at the first step of contract interpretation extrinsic evidence regarding the formation of the contract).

Plaintiff, therefore, had a right to seek attorney fees on his statutory discrimination claim, but it was error for the trial court to conclude that the offer of judgment and the amended stipulated judgment entitled plaintiff to attorney fees on all of his claims.

LGPI's appeal raises slightly different circumstances, because LGPI's offer of judgment did not include an offer to pay attorney fees. The stipulated general judgment entered against LGPI, however, provided—in terms identical to the stipulated judgment entered against the city defendants—that plaintiff would be awarded attorney fees "with the amount of same to be determined by [the] Court at a later date pursuant to ORCP 68." That stipulated provision in the judgment entered against LGPI had an effect similar to that of the city defendants' offer of judgment and the amended stipulated judgment entered against the city. It entitled plaintiff to seek attorney fees under ORCP 68, but it did not, on its own, entitle plaintiff to all of his fees on

all of his claims. On that basis, we reverse the supplemental judgment and remand for the trial court to reconsider fees consistently with this opinion.

As we noted above, defendants raise a number of other assignments of error that we decline to address. As to at least one of the assignments of error, regarding the applicability of the Oregon Tort Claims Act, the trial court did not reach the underlying issues and will now have an opportunity to do so on remand. As to the other assignments of error, some issues may be resolved when the trial court addresses the fee-bearing claim, and others may benefit from further factual development on remand. In any event, we conclude that the trial court is in a better position to address the remaining issues and, therefore, remand for further proceedings.

Reversed and remanded.