72 August 27, 2025 No. 761

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

ALEJANDRO DEJESUS,
*Plaintiff-Respondent,*

*v.*

JORGE ANTONIO VAZQUEZ PELAYO,
an individual,
*Defendant-Appellant,*

*and*

TAQUERIA PELAYOS LLC #2,
an Oregon limited liability company, and all others,
*Defendants.*

Clatsop County Circuit Court
23LT11140; A182678

AJ Wahl, Judge pro tempore.

Submitted April 11, 2025.

Blair Henningsgaard filed the brief for appellant.

Jesse Cowell filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and DeVore, Senior Judge.

POWERS, J.

Portion of supplemental judgment awarding attorney fees reversed; otherwise affirmed.

**POWERS, J.**

In this commercial forcible entry and detainer (FED) proceeding, defendant appeals from a supplemental judgment awarding plaintiff costs and attorney fees. Defendant operated a food cart in Warrenton as plaintiff's tenant; however, the parties did not have a written agreement. In the FED action, plaintiff requested, among other relief, "attorney fees, including all costs and fees permitted under the lease." The parties proceeded to an FED hearing, and plaintiff did not produce any evidence of a written agreement or lease. The trial court entered a general judgment of restitution in plaintiff's favor, which included a provision that gave plaintiff, as the prevailing party, "leave to submit a Supplemental Judgment for costs and fees under ORCP 68 C." Plaintiff filed a request for $15,482 in attorney fees, defendant objected to any award of fees, and plaintiff then supplemented his request by asking for an additional $3,139. After a hearing and taking the matter under advisement, the trial court ultimately awarded plaintiff a total of $16,354, of which $15,376 was for attorney fees. This timely appeal follows.

On appeal, defendant contends that the trial court erred in awarding attorney fees because plaintiff failed to carry his burden of proving an entitlement to an award. That is, plaintiff first had to prove that there was a substantive right to an award provided for by statute or an express agreement. *See Bush v. City of Prineville (A165637)*, 301 Or App 674, 679, 457 P3d 324 (2020) (observing that generally "the prevailing party in a legal proceeding is not entitled to an award of attorney fees unless the award is authorized by statute or contract"). Second, plaintiff had to allege that substantive right to an award in a pleading or motion based on "the facts, statute, or rule that provides a basis for the award of fees." ORCP 68 C(2)(a). Reviewing the trial court's determination regarding entitlement to attorney fees for errors of law, *Cedartech, Inc. v. Strader*, 293 Or App 252, 265, 428 P3d 961 (2018), we agree with defendant's contention that plaintiff failed to prove an entitlement to the attorney fees. Accordingly, we reverse that portion of the supplemental judgment.[1]

---

[1] The supplemental judgment also awarded $873 in costs and a $105 prevailing party fee, both of which are not challenged on appeal.

Although plaintiff cited ORS 20.075, ORS 20.190, and ORCP 68 C in his petition for attorney fees, none of those provide a substantive right to an award. ORS 20.075 merely outlines the factors a court considers in awarding fees. ORS 20.190 provides for prevailing party fees in civil actions but does not address an entitlement to attorney fees in commercial FED proceedings. Indeed, we previously recognized that there is "no statutory authority for awarding attorney fees in an FED action to recover possession of commercial property." *Grove v. The Hindquarter Corporation*, 45 Or App 781, 786, 609 P2d 840 (1980). Finally, ORCP 68 C(2)(a) also does not support plaintiff's request for an award; rather, it provides the requirement that a party seeking attorney fees "shall allege the facts, statute, or rule that provides a basis for the award of fees in a pleading filed by that party." In short, none of the authorities cited by plaintiff carry his burden of proving an entitlement to an award of attorney fees.

Although it is true that plaintiff was given leave in the general judgment—which is not challenged in this appeal—to submit a supplemental judgment that included attorney fees under ORCP 68 C, that provision of the general judgment is not a substantive right to an award of attorney fees. Plaintiff still had the burden to prove an entitlement that was grounded in statute or an express agreement. As discussed above, plaintiff's citations in his petition for an attorney-fee award did not carry his burden. Moreover, plaintiff did not produce any evidence of a written agreement or lease (or any other express agreement) that provided for an award of attorney fees. Accordingly, because plaintiff failed to carry his burden of showing an entitlement to attorney fees that was authorized by a statute or an express agreement, we reverse the trial court's award.

Portion of supplemental judgment awarding attorney fees reversed; otherwise affirmed.