Argued and submitted June 29, reversed and remanded
with instructions November 23, 1983

ROSE,
*Appellant,*

*v.*

GOODRICH,
*Respondent.*

(51-188; CA A27202)

672 P2d 65

James K. Gardner, Hillsboro, argued the cause and filed the brief for appellant.

Allan M. Muir, Portland, argued the cause for respondent. With him on the brief was Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Plaintiff sustained a personal injury while on defendant's premises. More than ten days prior to the filing of a complaint, she made demand on defendant for payment of her damages in the amount of $1,500 general damages and $128 in special damages, pursuant to ORS 20.080. The demand was not paid, and plaintiff filed her complaint alleging the same damages. More than three days before trial, defendant made a formal offer to compromise the claim by permitting plaintiff to take judgment against him for $800, including costs, disbursements and attorney fees, pursuant to the provisions of ORCP 54E. The offer was not accepted. After a jury trial, plaintiff obtained a verdict of $257.20, which was reduced by her contributory negligence to a judgment of $128.60. The trial court also entered judgment against plaintiff for defendant's costs and disbursements in the amount of $125.60, because plaintiff failed to obtain a judgment in excess of the amount tendered by defendant under ORCP 54E. Plaintiff appeals, assigning error only to the court's award to defendant of his costs and disbursements.[1]

ORCP 54E, applicable to the present action, provides:

"Except as provided in ORS 17.065 through 17.085, the party against whom a claim is asserted may, at any time up to three days prior to trial, serve upon the party asserting the claim an offer to allow judgment to be given against the party making the offer for the sum, or the property, or to the effect therein specified. If the party asserting the claim accepts the offer, the party asserting the claim or such party's attorney shall endorse such acceptance thereon, and file the same with the clerk before trial, and within three days from the time it was served upon such party asserting the claim; and thereupon judgment shall be given accordingly, as a stipulated judgment. Unless agreed upon by the parties, costs, disbursements, and attorney fees shall be entered as part of such judgment as provided in Rule 68. If the offer is not accepted and filed within the time prescribed, it shall be deemed withdrawn, and shall not be given in evidence on the trial; and if the party asserting the claim fails to obtain a more favorable judgment, the party asserting the claim shall not recover

---

[1] Plaintiff does not assign error to the court's failure to award her costs, disbursements or attorney fees.

costs, disbursements, and attorney fees incurred after the date of the offer, but the party against whom the claim was asserted shall recover of the party asserting the claim costs and disbursements from the time of the service of the offer."

The rule contemplates an offer to allow judgment to be taken against the offeror, which is then supplemented by costs, disbursements and attorney fees, as agreed on by the parties or determined by the court.

Defendant's offer to compromise stated:

"THE DEFENDANT HEREBY OFFERS to allow a judgment to be rendered and given against it in the above-entitled action in the sum of $800.00.

"This offer to allow judgment in the sum of $800.00 includes the entire judgment against this defendant, including all costs, disbursements, and attorney fees which plaintiff is asserting and will assert against this defendant.

"This offer to compromise is made under and pursuant to ORCP 54E."

The record contains no evidence as to the amount of plaintiff's costs, disbursements and attorney fees at the time of the offer to compromise and fails to specify any amount as agreed upon by the parties. We are unable to determine the amount of defendant's offer to compromise, exclusive of costs, disbursements and attorney fees, and conclude that there is not sufficient evidence from which the trial judge could determine that plaintiff's net judgment of $128.60 was less favorable than defendant's offer to compromise. Under these facts, the trial court erred in granting defendant costs and disbursements under ORCP 54E.

Reversed and remanded with instructions to vacate the award to defendant of costs and disbursements.