Argued and submitted April 15, affirmed June 17, petition for review allowed November 24, 1998 (328 Or 40)

FOR COUNSEL, INC.,
an Oregon corporation,
*Appellant,*

*v.*

NORTHWEST WEB CO.,
an Oregon corporation,
and Eugene Direct Mail Service,
an Oregon corporation,
*Respondents,*

*and*

Roger BULLOCK,
*Defendant.*

NORTHWEST WEB CO.,
an Oregon corporation,
*Third-Party Plaintiff,*

*v.*

EUGENE DIRECT MAILING SERVICE,
*Third-Party Defendant.*

(16-95-01360; CA A95309)

962 P2d 707

Christopher H. Kent argued the cause for appellant. With him on the brief were Sarah S. Conley and Kent & Associates, P.C.

John F. Kilcullen argued the cause for respondent Eugene Direct Mail Service, and Barbara Johnston argued the cause for respondent Northwest Web Co. With them on the joint brief were Brown, Roseta, Long, McConville, Kilcullen & Carlson and Brisbee & Stockton.

Before Riggs, Presiding Judge, and Landau and Wollheim, Judges.

WOLLHEIM, J.

## WOLLHEIM, J.

Plaintiff appeals from the trial court's entry of a reduced supplemental money judgment for plaintiff's attorney fees, costs and disbursements. The trial court entered the reduced judgment and ordered plaintiff to pay a portion of defendant's[1] costs and disbursements after plaintiff prevailed on its breach of contract claim at trial but received damages in an amount less than the pretrial offer of compromise tendered by defendants. ORCP 54 E. Plaintiff argues that the offer of compromise was not valid because it included attorney fees, costs and disbursements, and plaintiff did not agree that the offer could include such fees and costs. We review the trial court's interpretation of ORCP 54 E as a matter of law, *Russell v. Sheahan*, 324 Or 445, 449, 927 P2d 591 (1996), and affirm.

Plaintiff filed a complaint against defendant for breach of contract and fraud, claiming $240,000 in damages for the contract breach, $30,000 in damages for fraud, and an additional $100,000 in punitive damages stemming from the fraud claim. Before trial, defendant made an ORCP 54 E offer of compromise to plaintiff. Under the rule, that offer of compromise, if rejected by a plaintiff who does not obtain a larger judgment at trial, prevents that prevailing plaintiff from later collecting attorney fees and costs incurred after the offer. Defendant offered to allow judgment to be entered against it for $150,000, an offer that expressly included plaintiff's attorney fees, costs and disbursements through the date of the offer. Plaintiff rejected the offer, and the case was tried to the court. The court found for plaintiff on the breach of contract claim and denied plaintiff's fraud claim.

The court awarded plaintiff damages of $107,829, not including attorney fees, costs and disbursements, which were to be determined under ORCP 68. Pursuant to plaintiff's contract with defendant, plaintiff submitted its request for attorney fees. Because the court's award of damages to

---

[1] Although Eugene Direct Mail Service is a party to this litigation, plaintiff appeals only the supplemental money judgment, which concerns only defendant Northwest Web Co. Accordingly, when we refer to defendant, we refer only to Northwest Web Co.

plaintiff was smaller than defendant's offer,[2] defendant argued that plaintiff was not entitled to fees, costs and disbursements for work performed after the offer of compromise. Plaintiff responded that the compromise offer was not valid because it included attorney fees and costs and argued that defendant was required to obtain plaintiff's agreement to make the offer inclusive. The trial court agreed with defendant and, accordingly, limited plaintiff's award of fees and costs to work performed before the offer of compromise.

On appeal, plaintiff contends only that defendant's offer of compromise is not valid under ORCP 54 E. Defendant responds that it is. Both parties assert that the plain language of the rule supports their respective positions. Resolution of this case is a matter of statutory construction. Our goal is to discern the intent of the legislature as expressed in ORCP 54 E. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). The first level of our analysis is an examination of the statute's text and context. *Id*. at 610-11. If the intent of the legislature is clear from the text and context, our inquiry is at an end. *Id*. at 611.

ORCP 54 E provides:

"Except as provided in ORS 17.065 through 17.085, the party against whom a claim is asserted may, at any time up to 10 days prior to trial, serve upon the party asserting the claim an offer to allow judgment to be given against the party making the offer for the sum, or the property, or to the effect therein specified. If the party asserting the claim accepts the offer, [that party] or such party's attorney shall endorse such acceptance thereon, and file the same with the clerk before trial, and within three days from the time it was served upon such party asserting the claim; and thereupon judgment shall be given accordingly, as a stipulated judgment. *Unless agreed upon otherwise by the parties, costs, disbursements, and attorney fees shall be entered in addition as part of such judgment as provided in Rule 68.* If the offer is not accepted and filed within the time prescribed, it shall be deemed withdrawn, and shall not be

---

[2] The court calculated defendant's offer of compromise, discounted by attorney fees, costs and disbursements incurred before the offer, and found that amount to be greater than plaintiff's damages recovery after trial. Plaintiff does not challenge that finding on appeal.

given in evidence on the trial; and if the party asserting the claim fails to obtain a more favorable judgment, the party asserting the claim shall not recover costs, prevailing party fees, disbursements, or attorney fees incurred after the date of the offer, but the party against whom the claim was asserted shall recover of the party asserting the claim costs and disbursement, not including prevailing party fees, from the time of the service of the offer."

(Emphasis supplied.) The parties disagree about the meaning of the emphasized sentence. Defendant contends the sentence means that when an ORCP 54 E offer is made, it is presumed that the offer does not include attorney fees and, if the offer is accepted, then attorney fees are determined in an ORCP 68 hearing and added to the offer amount. Defendant argues that this sentence does not restrict the ability of a party to make an inclusive offer if that offer expressly states that it includes disbursements, costs, and attorney fees. Plaintiff contends that the reference to "agreed upon" means that defendant cannot make an offer that includes attorney fees unless plaintiff agrees and, if an inclusive offer is made without such agreement, the offer is void for purposes of ORCP 54 E. We agree with defendant.

■      Plaintiff argues that "ORCP 54 E specifically requires the parties' agreement to an all-inclusive offer of compromise." For this statement to be correct, it must mean either that plaintiff must give permission for defendant to make an offer that includes attorney fees or that an inclusive offer that is rejected is always void. ORCP 54 E begins by describing how an offer is made. The limits placed on an offer by the rule, except as provided in ORS 17.065 to 17.085,[3] are that an offer: (1) must be served upon the claimant-offeree; (2) more than 10 days before trial; and (3) include a willingness to allow judgment to be entered against the defendant. *See Becker v. DeLeone*, 78 Or App 530, 534-35, 717 P2d 1185, *rev den* 301 Or 666 (1986) (offer must include offer to allow judgment to be taken against offeror). The rule then describes how an offer is accepted: (1) the offeree or the offeree's attorney must endorse the offer; and (2) the offeree

[3] Those statutes, not applicable here, refer to certain prohibited settlements between an employer and an employee.

must file the endorsed offer with the court clerk before the trial and within three days of receiving it. The endorsed offer then is entered as a stipulated judgment. In the context of discussing an accepted offer, the rule then provides that, unless different arrangements have been "agreed upon otherwise," costs and fees shall be entered as a part of the judgment separately, in an amount determined under ORCP 68. The context shows that "agreed upon otherwise" refers to an attorney fee agreement that is either a part of, or connected to, an accepted offer that is being entered as a stipulated judgment.

In most cases, when an amount for attorney fees and costs has been "agreed upon otherwise" by the parties, those fees will have been included in the offer accepted by the offeree. ORCP 54 E allows a defendant to make an inclusive offer. The rule places no limits on, and requires no additional procedure for, making an offer that includes fees and costs. Furthermore, the rule allows a defendant to make an offer "to the effect therein specified" and, thus, expressly allows a defendant to define the offer. Plaintiff's interpretation—that an offeree must agree to allow an offeror to make an inclusive offer—would require us to insert language into the statute that was omitted by the legislature, and we may not do so. ORS 174.010; *Fernandez v. Board of Parole*, 137 Or App 247, 252, 904 P2d 1071 (1995).

■ Plaintiff's other interpretation—that if an offeror makes an inclusive offer and the offeree rejects it, it is void—is not supported by the language of the rule. Such an interpretation would create two different tracks for ORCP 54 E offers. Noninclusive offers that are rejected would allow the defendant to receive the benefit of the rule if the plaintiff recovers a smaller amount after trial, while inclusive offers that are rejected would be void and not afford a defendant the benefit of the rule, regardless of the amount of the plaintiff's recovery. In other words, the purpose of the rule would be eviscerated for inclusive offers. There is no evidence, either in the text or context of the rule, that suggests the legislature intended that result. ORCP 54 E provides that if a prevailing plaintiff rejects a defendant's offer and does not improve its position after trial, it will not be allowed attorney fees, costs and disbursements for work performed after the offer was

made. The rule does not distinguish between inclusive or noninclusive offers but applies to any offer rejected by a prevailing plaintiff that does not improve its position.

█ The meaning of the rule is apparent from its text and context. The phrase, "unless agreed upon otherwise by the parties, costs, disbursements, and attorney fees shall be entered in addition as part of such judgment as provided in Rule 68," creates a presumption that an offer does not include costs, disbursements, and attorney fees unless it does so expressly. If an accepted offer does not expressly include attorney fees, the amount of those fees will be determined pursuant to ORCP 68 and entered "in addition" to the amount of the offer.

█ In this case, defendant made an offer to plaintiff that included attorney fees, costs and disbursements, and plaintiff rejected it. The trial court made extensive findings regarding the amount of attorney fees and costs as of the date of the offer, and it determined that plaintiff failed to obtain a more favorable judgment after trial. Thus, the trial court did not err when it denied plaintiff attorney fees and costs accrued after the date of the offer and required plaintiff to pay defendant's costs and disbursements accrued after that date. *Rose v. Goodrich*, 65 Or App 655, 658, 672 P2d 65 (1983); *c.f. Quality Contractors, Inc. v. Jacobsen,* 154 Or App 343, 963 P2d 30 (1998) (sum of jury verdict and pre-offer attorney fees exceeded offer amount and thus plaintiff is not precluded from collecting post-offer attorney fees).

Affirmed.