Argued and submitted March 1, affirmed June 2, petition for review denied
December 7, 1999 (329 Or 528)

ANTHONY REID,
*Appellant,*

*v.*

Dan JOHNSON,
Superintendent,
Snake River Correctional Institution,
*Respondent.*

(98-01-29487M; CA A102020)

983 P2d 1061

Bob Pangburn filed the brief for appellant.

Susan L. Kanclier, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Edmonds and Brewer, Judges.

BREWER, J.

## BREWER, J.

Plaintiff appeals from the dismissal of his petition for a writ of habeas corpus in which he sought immediate release from imprisonment. Defendant is the superintendent of the correctional facility in which plaintiff is incarcerated. The sole issue on appeal is whether defendant is barred by the doctrines of claim preclusion or issue preclusion from denying plaintiff earned time credits by operation of a prior judgment that denied plaintiff's claim for post-conviction relief. We review for errors of law, *Curry v. Grill*, 125 Or App 507, 509, 866 P2d 1237 (1993), and affirm.

In March 1991, plaintiff pled no contest to a single charge of first-degree rape. ORS 163.375. ORS 137.635,[1] the "Denny Smith" law, was in effect at the time of plaintiff's plea. That statute provides that a defendant, who has been previously convicted of an offense within the same class of crimes designated in the statute, is not eligible on a second conviction within that class of crimes for any reduction in sentence, including earned time credits under ORS 421.121.

Plaintiff was convicted of first-degree robbery before the effective date of ORS 137.635. First-degree robbery and first-degree rape are both crimes subject to ORS 137.635. Nevertheless, it is undisputed that plaintiff's attorney advised him before he pled to the rape charge that he would be eligible for earned time credit up to a 20 percent reduction in his sentence. After plaintiff was sentenced for rape, the Department of Corrections applied ORS 137.635 to his term of imprisonment and denied him the right to earn any reduction in his sentence. In October 1991, plaintiff filed a petition for post-conviction relief. Among other allegations, he

---

[1] For purposes relevant here, ORS 137.635(1) provides, in part:

"When, in the case of a felony described in subsection (2) of this section, a court sentences a convicted defendant who has previously been convicted of any felony designated in subsection (2) of this section, * * * the court shall impose a determinate sentence * * *. The convicted defendant shall serve the entire sentence imposed by the court and shall not, during the service of such a sentence, be eligible for parole or any form of temporary leave from custody. The person shall not be eligible for any reduction in sentence pursuant to ORS 421.120 or for any reduction in term of incarceration pursuant to ORS 421.121."

asserted that his attorney had failed to provide him with constitutionally adequate representation because he had neglected to advise him that ORS 137.635 applied to his rape sentence.

In May 1992, we held in *State v. Haydon*, 113 Or App 205, 209, 832 P2d 457 (1992) (*Haydon I*), that ORS 137.635 applied only to defendants sentenced for felonies committed before the effective date of the sentencing guidelines, November 1, 1989. Because plaintiff committed the rape after November 1, 1989, *Haydon I* would have exempted his sentence from ORS 137.635. In July 1992, the state petitioned for review of our decision in *Haydon I*. In August 1992, the post-conviction court entered judgment denying plaintiff's claim for relief. The judgment concluded that plaintiff had not been denied effective assistance of counsel. A separate conclusion in the judgment stated that plaintiff's "eligibility for good time credits on his [rape] sentence is controlled by [*Haydon I* ]." Plaintiff did not appeal from that judgment.

In November 1992, we withdrew our decision in *Haydon I* and, in a reversal of course, concluded that ORS 137.635 applies to sentences for felonies committed *on or after* November 1, 1989. *State v. Haydon*, 116 Or App 347, 350, 842 P2d 410 (1992) (*Haydon II*). Plaintiff filed this habeas corpus action in June 1997, alleging that he was then entitled to release based on earned time credits because the 1992 post-conviction judgment barred defendant from denying those credits. In April 1998, the trial court entered judgment dismissing the habeas corpus writ on defendant's motion, based on the decision in *Haydon II*. This appeal ensued.

■ Plaintiff sought habeas corpus relief based on the theory that his legal right to earned time credit entitles him to prompt judicial scrutiny of his case. He also alleged that he has no other timely remedy. Plaintiff's allegations, if proven, would provide a basis for habeas corpus relief. *Penrod / Brown v. Cupp*, 283 Or 21, 28, 581 P2d 934 (1978). Defendant's motion to dismiss plaintiff's petition was the functional equivalent of a summary judgment motion. *McClintock v. Schiedler*, 123 Or App 334, 336, 859 P2d 580 (1993). We review to determine whether there is a genuine

issue of material fact and, if not, whether defendant, the moving party, is entitled to prevail as a matter of law. *Jones v. General Motors Corp.*, 325 Or 404, 420, 939 P2d 608 (1997). Because the dispositive facts are undisputed, we turn to the parties' legal contentions.

Plaintiff relies exclusively on what he contends is the preclusive effect of the 1992 judgment dismissing his post-conviction claim. He cites a venerable body of federal authority holding that claim preclusion, formerly known as *res judicata,* bars parties from relitigating issues that were or could have been raised in a previous action that has been concluded by a final judgment on the merits. Plaintiff argues that the post-conviction judgment conclusively determined that ORS 137.635 did not apply to the sentence on his 1991 rape conviction. Plaintiff maintains that the change in controlling law resulting from the decision in *Haydon II* is inapplicable to his circumstances because the state did not appeal from the post-conviction judgment.

Defendant correctly counters that the Oregon law of preclusion by former adjudication governs this state court habeas corpus proceeding arising under ORS 34.320.[2] Defendant also claims that plaintiff has misidentified the doctrine under which he seeks relief. Although plaintiff purports to rely on claim preclusion,[3] defendant argues that plaintiff's theory is actually based on the related, but distinct, doctrine of issue preclusion.

■■ The doctrine of claim preclusion advances the goal of litigation finality by limiting parties to one final judgment on all claims and defenses properly belonging to the action or defense because they relate to the same factual transaction or series of connected transactions. *Drews v. EBI Companies*, 310 Or 134, 140-41, 795 P2d 531 (1990); *Rennie v. Freeway Transport*, 294 Or 319, 323-24, 656 P2d 919 (1982). Issue preclusion, on the other hand, embodies a narrower focus than claim preclusion and bars future litigation on an issue only if that issue was *actually* litigated, *actually* decided, and *essential* to the final decision reached in an earlier proceeding.

[2] Plaintiff does not explain his exclusive citation of federal case law on preclusion, nor does he argue that choice of law makes a difference in outcome in this case.

[3] Plaintiff refers to claim preclusion by its former label: *res judicata.*

*Drews*, 310 Or at 139. Defendant explains that plaintiff's entitlement to earned time credits was, at best, derivative of the post-conviction court's decision. In defendant's view, only the issue of the adequacy of plaintiff's trial court counsel was actually litigated and necessarily decided in the prior proceeding. Although plaintiff may be mistaken as to which of the two theories of preclusion is better suited to his primary theme on appeal, we agree with defendant that neither doctrine applies in this case.

■       We first consider the possible application of issue preclusion. The thrust of the post-conviction proceeding, insofar as relevant here, was plaintiff's contention that his attorney was inadequate because the attorney had failed to warn him that he would be ineligible for earned time credits following his rape conviction. *Haydon I* had not been decided when the attorney gave that advice. In fact, there was no clearly settled determination of the effective date of ORS 137.635 until *Haydon II* was decided and the Supreme Court declined to review that decision. The post-conviction debate was centered on the *adequacy* of counsel's advice rather than on its ultimate *accuracy*. Even if that advice had been ultimately inaccurate, it would have been adequate if based on reasonable skill and judgment. *Wells v. Peterson*, 315 Or 233, 236, 844 P2d 192 (1992). In other words, a determination that plaintiff was entitled to earned time credits was not *essential* to the court's decision. Therefore, defendant is correct in contending that issue preclusion does not require the allowance of earned time credits.

■ ■       Neither is plaintiff's claim preclusion argument availing. Plaintiff's post-conviction claim was directed at setting aside his rape conviction. The post-conviction judgment conclusively adjudicated that plaintiff was not entitled to that relief. As defendant observes, plaintiff's theory of claim preclusion focuses on a single, specific conclusion in the post-conviction judgment that was neither the court's ultimate conclusion nor essential to the judgment. Although plaintiff argues that defendant's predecessor should have appealed from the court's subordinate conclusion that *Haydon I* controlled plaintiff's eligibility for earned time credits, there was no basis for such an appeal. Plaintiff's theory ignores the fact that defendant's predecessor *prevailed* in the post-conviction proceeding. Claim preclusion does not bar defendant,

because that doctrine requires the *losing* party to seek review of an adverse decision at the first opportunity or be bound by that decision. *Van De Hey v. U. S. National Bank*, 313 Or 86, 95, 829 P2d 695 (1992).

Because defendant is not precluded from contending otherwise by virtue of the post-conviction judgment, ORS 137.635 applies to plaintiff's sentence. Therefore, plaintiff is not entitled to immediate release from imprisonment based on claimed earned time credits. The trial court did not err in dismissing his petition for habeas corpus relief.

Affirmed.