Argued and submitted May 6, decision of Court of Appeals and judgment of circuit court affirmed August 5, 1999

## FOR COUNSEL, INC.,
an Oregon corporation,
*Petitioner on Review,*

*v.*

## NORTHWEST WEB CO.,
an Oregon corporation,
and Eugene Direct Mail Service,
an Oregon corporation.
*Respondents on Review,*

*and*

Roger BULLOCK,
*Defendant.*

## NORTHWEST WEB CO.,
an Oregon corporation,
*Third-Party Plaintiff,*

*v.*

## EUGENE DIRECT MAIL SERVICE,
an Oregon corporation,
*Third-Party Defendant.*

(CC 16-95-01360; CA A95309; SC S45616)

985 P2d 1277

Christopher H. Kent, Portland, argued the cause for petitioner on review. With him on the brief were Sarah S. Conley, and Kent & Associates, P.C., Portland.

Barbara L. Johnston, Hillsboro, argued the cause for respondent on review Northwest Web Co. John F. Kilcullen, Eugene, argued the cause for respondent on review Eugene Direct Mail Service. With them on the joint brief were

Brisbee & Stockton, Hillsboro, and Brown, Roseta, Long, McConville, Kilcullen & Carlson, Eugene.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Durham, Kulongoski, and Leeson, Justices.**

GILLETTE, J.

---

** Riggs, J., did not participate in the consideration or decision of this case.

## GILLETTE, J.

This case concerns the proper interpretation of ORCP 54 E, the rule of civil procedure that deals with pretrial offers of compromise. Under that rule, a party that declines a pretrial offer must obtain a judgment more favorable than the pretrial offer, or that party loses any right it otherwise might have had to be awarded costs or attorney fees incurred after the date of the offer. The issue presented is whether the rule permits pretrial offers to be made inclusive of costs, disbursements, and attorney fees without the opposing party's prior agreement. The trial court concluded that such inclusive offers are permissible under the rule. Because plaintiff rejected defendant's offer of compromise (which had included costs and attorney fees) and chose instead to proceed to trial, but failed to recover more than the sum offered, the court limited plaintiff's recovery to the damages awarded plaintiff at trial together with that part of plaintiff's attorney fees, costs, and disbursements adjudged to have accrued as of the date of the offer. The Court of Appeals affirmed the judgment of the trial court. *For Counsel, Inc. v. Northwest Web Co.*, 154 Or App 492, 962 P2d 707 (1998). We allowed review and now affirm the decision of the Court of Appeals.

We take the following undisputed facts from the opinion of the Court of Appeals and from the record. Plaintiff filed a complaint against defendant Northwest Web Co. for breach of contract and fraud.[1] Plaintiff sought $240,000 in damages on the contract claim, $30,000 in damages on the fraud claim, and also sought $100,000 in punitive damages. In addition, the complaint included a claim for attorney fees under a term of plaintiff's contract with defendant. Before trial, defendant made an offer of compromise of $150,000, which expressly purported to be "inclusive of all claims for attorney's fees to the date of the Offer and all costs, pursuant to the provisions of ORCP 54(E)."

---

[1] Northwest Web Co. filed a third-party complaint against Eugene Direct Mail Service (EDMS), and EDMS joined in the offer of compromise. EDMS joined Northwest Web Co. on the briefs before the Court of Appeals and joins Northwest Web Co. in the proceedings before this court. Accordingly, when we refer to "defendant" in this opinion, we refer both to Northwest Web Co. and to EDMS.

Plaintiff rejected defendant's offer. The case went to trial. Plaintiff prevailed on the contract claim but lost on the fraud and punitive damages claims. The trial court awarded plaintiff $107,829, not including costs, disbursements, and attorney fees, and directed that amounts for those items be determined after a hearing under ORCP 68 (establishing procedures for determining and awarding costs, disbursements, and attorney fees).

Plaintiff submitted a statement of attorney fees, costs, and disbursements, seeking a total of $163,156.97 for those items, which, plaintiff claimed, represented the amount incurred through trial on the contract claim alone. Defendant objected to the amounts claimed for costs and attorney fees on various grounds, but its principal objections were two. First, defendant contended that, although plaintiff arrived at its allocation of fees and costs for the contract claim by discounting its total outlay by 15 percent to account for the time spent pursuing the fraud claim, in reality, the time and effort expended in pursuit of the fraud claim was at least 50 percent. Second, because defendant's pretrial offer of compromise included claims for attorney fees up to the date of the offer, together with costs, and because plaintiff's total recovery did not exceed that amount, under ORCP 54 E plaintiff was not entitled to recover attorney fees and costs incurred after the date of the offer.

In response, plaintiff argued that the attorney fees and costs need not be apportioned at all, because they were incurred for representation on issues common to both the fraud claim and the contract claim. In any event, plaintiff continued, defendant's offer of compromise was invalid from the outset, because the wording of ORCP 54 E permits offers of compromise to include attorney fees only if both parties had agreed to such an arrangement. Plaintiff argued that the rule contemplates that there will be a stipulated judgment for damages on the underlying claim and then the court will determine the appropriate amount of attorney fees and costs.

The trial court concluded that a substantial part (between 40 and 50 percent) of plaintiff's legal effort was expended in pursuit of the fraud claim, exclusive of issues common to both claims, and that plaintiff's total reasonable

attorney fees on the contract claim amounted to $50,000. In addition, the court rejected plaintiff's interpretation of ORCP 54 E and held that nothing in the text of that rule prevents a party from offering to allow judgment to be had against it in an amount that includes attorney fees and costs. The court found that $25,000 of plaintiff's attorney fees, and recoverable costs and disbursements in the amount of $6,564.73, were incurred as of the date of defendant's offer of compromise. Those sums, together with the amount awarded plaintiff in damages on the contract claim, totaled $139,393.73. Because that amount was less than the $150,000 offered in compromise, the court held that plaintiff could not recover additional attorney fees and costs incurred after the offer was made. Additionally, the court held that, under the last sentence of ORCP 54 E, defendant was entitled to recover $3,147.31 from plaintiff for costs and disbursements incurred after the date of the offer.

On appeal, plaintiff assigned error to the trial court's conclusion that defendant's offer of compromise was valid, despite the fact that it purported to be inclusive of attorney fees and costs, notwithstanding that plaintiff had not agreed to such an inclusive offer.[2] Plaintiff contended that ORCP 54 E did not apply to such an all-inclusive pretrial offer of compromise, unless the opposing party had agreed that the offer could have that scope. The Court of Appeals performed a statutory analysis under the procedure outlined in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993), and concluded that the text of ORCP 54 E permits inclusive offers and does not require the opposing party's prior agreement. *For Counsel*, 154 Or App at 496-98. It therefore affirmed the judgment of the trial court. *Id.* at 499. For the reasons that follow, we agree.

■ We attempt to discern the intent of the legislature with respect to the permissible components of pretrial offers of compromise by using the statutory interpretation methodology set out in *PGE*. Under that methodology, we first examine the text of the statute, ORCP 54 E, in context. *Id.* at

---

[2] Before the Court of Appeals, plaintiff did not challenge the trial court's findings regarding the amount of fees and costs incurred before the offer of compromise was made.

610-11. At that first level of analysis, we consider rules of construction that bear on how to read the text, such as the enjoinder found in ORS 174.010 not to omit what has been inserted or insert what has been omitted. *Id.* at 611. We also consider rules of construction that bear on the interpretation of the statutory provision in context, such as the directive, also found in ORS 174.010, to interpret statutes with multiple particulars or provisions, to the extent possible, so as to give effect to all. *Ibid.* If, at the conclusion of our examination of the text and context, the intent of the legislature is clear, then we proceed no further. *Ibid.*

ORCP 54 E provides as follows:

"Except as provided in ORS 17.065 through 17.085, the party against whom a claim is asserted may, at any time up to 10 days prior to trial, serve upon the party asserting the claim an offer to allow judgment to be given against the party making the offer for the sum, or the property, or to the effect therein specified. If the party asserting the claim accepts the offer, the party asserting the claim or such party's attorney shall endorse such acceptance thereon, and file the same with the clerk before trial, and within three days from the time it was served upon such party asserting the claim; and thereupon judgment shall be given accordingly, as a stipulated judgment. Unless agreed upon otherwise by the parties, costs, disbursements, and attorney fees shall be entered in addition as part of such judgment as provided in Rule 68. If the offer is not accepted and filed within the time prescribed, it shall be deemed withdrawn, and shall not be given in evidence on the trial; and if the party asserting the claim fails to obtain a more favorable judgment, the party asserting the claim shall not recover costs, prevailing party fees, disbursements, or attorney fees incurred after the date of the offer, but the party against whom the claim was asserted shall recover of the party asserting the claim costs and disbursements, not including prevailing party fees, from the time of the service of the offer."

■ The first sentence of ORCP 54 E permits the party against whom a claim is asserted to make "an offer to allow judgment to be given against [it] for the sum, or the property, or to the effect therein specified." Nothing in that wording suggests that a defendant is precluded from making an offer

that includes attorney fees or costs. Indeed, under the plain wording of that sentence, the nature and content of offers of compromise are unrestricted. The words "for the sum * * * or to the effect therein specified" are broad and contain no hint that the opposing party's agreement to a particular form of offer is required before it will be considered valid. Unless a contrary intent is manifested elsewhere in ORCP 54 E, then, the first sentence of ORCP 54 E permits offers that include all manner of elements, including attorney fees, costs, and disbursements, with or without the opposing party's prior agreement.

The second sentence of ORCP 54 E sets out the timing and procedures to be followed in the event that the party asserting the claim accepts an offer of compromise, including the filing of the accepted offer with the clerk of the court and the entry of the terms of the accepted offer as a stipulated judgment. It does not give any indication as to the permissible contours of an offer of compromise.

We bypass, for the moment, the third sentence. The fourth and final sentence of ORCP 54 E provides, in part, that, in the event that an offer is not accepted, it is deemed withdrawn and, if the party asserting the claim fails to recover a more favorable judgment, then that party is not entitled to recover costs or fees incurred after the date of the offer. Again, nothing in that recitation of the consequences flowing from a rejection of an offer of compromise suggests that a party against whom a claim is asserted is precluded from making an offer that includes attorney fees and costs, unless the other party agrees. Moreover, and perhaps more importantly, there is no suggestion that those consequences do not apply if the offer happened to include attorney fees and costs.

The remaining sentence, the third, is the one on which plaintiff relies to support its argument that defendant's offer of compromise was invalid because plaintiff had not agreed to a form of offer that included attorney fees and costs. We set that sentence out here for convenience: "Unless agreed upon otherwise by the parties, costs, disbursements, and attorney fees shall be entered in addition as part of such judgment as provided in Rule 68." In support of its construction of that sentence, plaintiff focuses on the word "agreed" in

the phrase, "unless agreed upon otherwise by the parties," and derives from that usage the conclusion that both parties' *agreement* is required to effect an all-inclusive *offer* of compromise. According to plaintiff, implicit in the phrase "unless agreed upon otherwise by the parties" is the assumption that, unless the parties had agreed to an all-inclusive offer, an offer made under ORCP 54 E does not include attorney fees and such fees then shall be determined by a court in accordance with ORCP 68. In addition, plaintiff views the use of the word "shall," in the phrase "costs, disbursements, and attorney fees shall be entered in addition as part of such judgment as provided in Rule 68," as establishing conclusively that, in the absence of such agreement regarding the nature of the *offer*, it is for the court to determine attorney fees.

 In our view, plaintiff's interpretation of the disputed sentence might make sense if that sentence were read in isolation, outside the context of ORCP 54 E as a whole. As noted, however, our methodology requires us to consider the meaning of the terms used in that sentence in the context of the whole of ORCP 54 E in order to discern the intent of the legislature. When read in that light, the third sentence is a continuation of the discussion in the preceding sentence of what is to happen if a pretrial offer of compromise is *accepted*. Taking the third sentence together with the second, it is plain that the agreement referred to in the phrase "unless agreed upon otherwise by the parties" is the one formed by one party's acceptance of the other party's offer.[3] That is, if defendant's offer does not include an amount for attorney fees and costs, but the offer is accepted and filed in court as a stipulated judgment, then the trial court determines the amount of such fees and costs in accordance with ORCP 68 and enters that amount "in addition as part of such judgment."

Moreover, that last quoted phrase has meaning only by reference to the preceding sentence. The word "such" in

---

[3] Plaintiff's insistence on reading the disputed sentence in isolation is apparent in its argument that the Court of Appeals "in essence added additional language to ORCP 54 E when it stated that the 'context' of the Rule referred to an 'attorney fee agreement that is either a part of, or connected to, an accepted offer that is being entered as a stipulated judgment.' " (Quoting *For Counsel*, 154 Or App at 498.) To the contrary, in interpreting disputed wording of a statute by reference to its context, as the Court of Appeals did, a court is not adding additional wording to that statute; rather, it simply accords the meaning to particular words and phrases that the context dictates.

the phrase "such judgment" refers to the stipulated judgment of the previous sentence, and that stipulated judgment, in turn, consists of the terms of the accepted offer of compromise. Thus, the phrase "in addition as part of such judgment" means in addition to whatever was agreed by the parties in the accepted offer, as part of the stipulated judgment. By contrast, plaintiff's interpretation, which focuses only on the first part of the disputed sentence, would require the court to ignore the phrase "in addition as part of such judgment." That is contrary to our mandate not to "omit what has been included."

Finally, it is true that the directive to the trial court to determine the amount of fees and costs under ORCP 68 uses the mandatory "shall." However, no limitation on the content of the *offer* reasonably can be inferred from that wording. Because no such limitation can be found elsewhere in that statute, we hold that, for purposes of ORCP 54 E, an offer of compromise that specifies that it includes attorney fees and costs to the date of the offer is valid. No agreement to such a form of offer by the opposing party is required for the offer to be valid under ORCP 54 E.[4]

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.

---

[1] We recognize that our interpretation of ORCP 54 E may exacerbate potential conflicts between lawyer and client concerning whether to accept a pretrial offer of compromise or proceed to trial. Whether the working of the rule is either fair or prudent in that respect cannot, however, alter what it is clear that the rule now provides. At the same time, we recommend that the Council on Court Procedures review the rule, to determine whether some other formulation of the rule would be better.