Argued and submitted May 20, 2013, general judgment reversed and remanded, with instructions to enter limited judgment on plaintiff's PIP claim for $8,039.89 and to reconsider award of attorney fees consistently with this opinion May 14, 2014

Eric MILLER,
*Plaintiff-Respondent,*

*v.*

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,
a Wisconsin corporation,
*Defendant-Appellant.*

Multnomah County Circuit Court
101014862; A150186

330 P3d 631

R. Daniel Lindahl argued the cause for appellant. With him on the opening brief were Lindahl Law Firm PC, Mark E. Olmsted, and Mark E. Olmsted, PC. With him on the reply brief were R. Daniel Lindahl, Lindahl Kaempf PC, Mark E. Olmsted, and Mark E. Olmsted, PC.

Willard E. Merkel argued the cause for respondent. With him on the brief was Merkel & Associates.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

NAKAMOTO, J.

## NAKAMOTO, J.

In this breach of insurance contract case, defendant American Family Mutual Insurance Company appeals a general judgment and money award in plaintiff's favor on his claims for personal injury protection (PIP) benefits and uninsured motorist (UIM) benefits. Pursuant to ORCP 54 E, defendant served plaintiff with an offer of judgment on the PIP claim before trial, which plaintiff accepted. On appeal, defendant raises two assignments of error. It first contends that the trial court erred by ruling that defendant's offer of judgment, once accepted, necessarily included an admission of, and precluded defendant from contesting, its obligation to pay for plaintiff's surgery—the key issue that then remained for trial on the UIM claim. Defendant also contests the trial court's award of attorney fees to plaintiff. We reverse and remand.

Plaintiff was involved in an automobile accident with an uninsured driver and initiated this suit against defendant, his automobile insurer, to recover PIP and UIM benefits under his insurance policy. Plaintiff's policy provided for a $15,000 limit on PIP benefits and a $50,000 limit on UIM benefits. Plaintiff alleged over $90,000 in medical expenses, approximately $80,000 of which was attributable to a spinal surgery that plaintiff had undergone several months after the accident. Defendant had paid some of plaintiff's nonsurgical medical expenses related to the accident ($6,960.11) under plaintiff's PIP coverage, but defendant refused to pay any of plaintiff's surgery-related expenses because defendant contested the necessity of the surgery. In his complaint, plaintiff sought a judgment for the balance of the PIP policy limit and the $50,000 UIM policy limit, as well as his costs and reasonable attorney fees.

Approximately one month before the 2011 trial date, defendant served plaintiff with an offer of judgment pursuant to ORCP 54 E.[1] Under ORCP 54 E(1), "any party against whom a claim is asserted may * * * serve upon any other party asserting the claim an offer to allow judgment to be

---

[1] ORCP 54 E was amended by the Council on Court Procedures in 2010. Those amendments, which became effective January 1, 2012, are not relevant to this appeal; we refer to and quote the rule in effect during the litigation in 2011.

entered against the party making the offer for the sum, or the property, or to the effect therein specified." If the party asserting the claim accepts the offer, "judgment shall be given accordingly as a stipulated judgment." ORCP 54 E(2).

Defendant offered to allow judgment on plaintiff's PIP claim for what amounted to the balance of plaintiff's PIP policy limits. That offer of judgment provided:

> "Pursuant to ORCP 54 E, defendant offers to allow limited judgment on plaintiff's claim for PIP benefits in the amount of $8,039.89. This offer does not apply to plaintiff's claim for Uninsured Motorist benefits and should plaintiff accept this Offer to Allow Judgment, the Uninsured Motorist benefits claim will remain at issue. If this Offer to Allow [J]udgment is not accepted and filed within the time and manner allowed under ORCP [54 E], it shall be deemed automatically withdrawn."

Plaintiff timely accepted defendant's offer of judgment on the PIP benefits claim. No limited judgment was entered.

Then, on the day before trial, plaintiff filed a trial memorandum containing a motion *in limine* seeking an order to prevent defendant from offering evidence at trial that plaintiff's surgery was not necessary, the key disputed issue remaining for trial on the UIM claim.[2] The trial court held a hearing on the motion that same day.

At the hearing, plaintiff argued that, by offering to allow judgment with regard to at least some of the surgery expenses, defendant had admitted that the surgery was necessary and could not contest that issue in the trial on plaintiff's UIM claim. Plaintiff's argument was based on the fact that only approximately $10,000 of his medical expenses were unrelated to the surgery, meaning that, when defendant offered to pay the balance of the $15,000 PIP policy, some portion of the surgery expenses was necessarily included within that payment. According to plaintiff, his acceptance of the offer of judgment effectively meant that a judgment had been entered against defendant on plaintiff's PIP claim, and, as a result, it had the same effect as any

---

[2] Defendant had also contested the reasonableness of the surgery expenses, but at a pretrial hearing, defendant alerted the court that it did not intend to contest the reasonableness of those expenses at trial.

other judgment, *i.e.*, it resolved issues that were necessarily concluded by that judgment, including the issue of whether the surgery was necessary. Accordingly, plaintiff argued, defendant was precluded from contesting the necessity of the surgery. Plaintiff explained his position:

"Well, you can't have it both ways. You can't pay for surgical bills that are being reasonably and necessarily incurred and then say that surgery wasn't reasonable or necessary, and that's the conundrum that defendant's offer of judgment places defendant in.

"One of the reasons we accepted the limited offer of judgment was just so that it would have that effect. We are entitled to that effect. The statute says so, and the rules on judgment[s] are that the findings that are necessarily— necessarily make up the judgment are conclusively determined. That's one of them."

The trial court reserved its ruling to allow defendant to file a brief concerning the preclusive effect of the accepted offer of judgment on the UIM claim. In its brief, defendant argued, among other things, that the terms of the offer were restricted to the PIP claim and that issue preclusion did not apply because the offer of judgment had not been made in a different action and the issue had not actually been litigated, which are both requirements for issue preclusion.

The next day, the trial court reconvened and summarized the issue before it as: "whether * * * the acceptance of [the] offer to allow judgment[] under the terms that are * * * set forth there in that offer have issue preclusion effect on the defendant and the defendant's ability to contest the * * * necessity of the surgery." After hearing further argument, the court granted plaintiff's motion, ruling that issue preclusion barred defendant from further contesting the necessity of surgery:

"[T]he ruling is that there is issue preclusion that operates here, and, you know, it's a—obviously a fact specific inquiry here in this particular case * * * as there always is when we get to issues of issue preclusion, and that we * * * can have issue preclusion within a case here when we have a situation where we've got the offer to allow judgment, that given the amounts that we've got here, necessarily includes amounts

for the surgery that's at issue here, and so that would mean that once that offer of judgment's accepted, then the defense is precluded from then arguing the necessity.

"* * * * *

"So * * * to be clear * * * what the Court's ruling is[,] * * * it's issue preclusion as to the necessity of the surgery because of the amounts that we've got here involved, * * * the idea being that once that offer of judgment is * * * accepted, it apparently involves a determination that the surgery was necessary, at least to the extent of the amount set forth in the * * * offer of judgment."

Defendant then confirmed that it did not intend to contest the reasonableness of plaintiff's medical expenses, and, because those expenses exceeded plaintiff's UIM policy limit, the parties agreed that there were no issues left to try. Plaintiff submitted a general judgment to the court, and, after briefing and argument on the issue of attorney fees and costs, the court entered a general judgment in favor of plaintiff for $58,039.89 in policy benefits, ($8,039.89 from the offer of judgment and $50,000 for plaintiff's UIM claim), $22,230 in attorney fees, and $775 in costs. Defendant now appeals.

In its first assignment of error, defendant argues that the trial court erred in holding that the offer of judgment precluded it from litigating the necessity of the surgery in plaintiff's remaining UIM claim. Defendant contends that, under ORCP 54 E, an offering party can define the terms of the offer, and that, in this case, the offer unambiguously limited itself to plaintiff's PIP claim and provided that, if it were accepted, it would have no effect on the UIM claim. Accordingly, defendant argues, the terms of the offer of judgment did not preclude it from litigating the necessity of the surgery in the trial on the UIM claim. Defendant further argues that the doctrine of issue preclusion—the rationale on which the trial court relied—does not apply to the accepted offer of judgment because it neither occurred in a prior action nor represented a final decision on the merits.

In response, and citing *State ex rel State Scholarship Com'n v. Magar*, 288 Or 635, 607 P2d 167 (1980), plaintiff again argues that an offer of judgment operates to admit

the relevant allegations of the complaint. Here, plaintiff's complaint alleged that his medical expenses were causally related to the accident. Thus, according to plaintiff, defendant's offer of judgment on his PIP claim, which included a portion of the surgery expenses, was an admission that the surgery was necessary.[3] Therefore, plaintiff argues that the trial court correctly ruled that defendant was precluded from claiming that the surgery was not causally related to the accident for purposes of plaintiff's UIM claim. Plaintiff also argues that defendant's proffered reading of the offer of judgment is incorrect, and that the terms of the offer cannot be understood as preventing the court from giving preclusive effect to the resulting limited judgment.

The parties' arguments concerning the effect of the offer of judgment raise two questions. First, was the accepted offer of judgment in this case a binding admission of the allegations in the complaint concerning the necessity of the surgery? Second, to what extent does an accepted offer of judgment have issue-preclusive effect on any remaining claims in the same lawsuit? Those are questions of law, which we review for legal error. *See Delcastillo v. Norris*, 197 Or App 134, 140, 104 P3d 1158, *rev den*, 338 Or 488 (2005) (reviewing the trial court's construction of ORCP 54 E for errors of law); *Reid v. Johnson*, 161 Or App 92, 94, 983 P2d 1061, *rev den*, 329 Or 527 (1999) (reviewing a trial court's ruling with respect to issue preclusion for errors of law). We first conclude that, in light of the nature of an offer of judgment under ORCP 54 E, the accepted offer of judgment did not give rise to an admission concerning the necessity of the surgery that precluded defendant from litigating that issue in the trial on the UIM claim.

Again, ORCP 54 E(1) provides, in relevant part, that a party against whom a claim is asserted may offer to allow judgment to be entered against that party "for the

---

[3] Defendant also challenged that contention below by arguing that plaintiff sought "past and future loss of wage earning capacity"; plaintiff could have been seeking PIP benefits for such losses; and we suggested in *Wade v. Mahler*, 167 Or App 350, 357, 1 P3d 485, *rev den*, 331 Or 334 (2000), that such losses could be payable as PIP benefits. Defendant does not raise that argument on appeal, and we assume that the PIP benefits included payment for a portion of plaintiff's surgical expenses.

sum, or the property, or to the effect therein specified." If the party asserting the claim accepts the offer, "judgment shall be given accordingly as a stipulated judgment." ORCP 54 E(2). An offer of judgment under ORCP 54 E is an agreement between the parties and is "in the nature of a contract, approved by the court." *Nieminen v. Pitzer*, 281 Or 53, 57, 573 P2d 1227 (1978). The Supreme Court has said that, under ORCP 54 E, "the nature and content of offers of compromise are unrestricted" and that "[t]he words 'for the sum * * * or to the effect therein specified' are broad." *For Counsel, Inc. v. Northwest Web Co.*, 329 Or 246, 253, 985 P2d 1277 (1999) (omission in *For Counsel, Inc.*). We too have recognized that the fact that ORCP 54 E allows a defendant to make an offer "to the effect therein specified * * * expressly allows a defendant to define the offer." *For Counsel, Inc. v. Northwest Web Co.*, 154 Or App 492, 498, 962 P2d 707 (1998), *aff'd*, 329 Or 246, 985 P2d 1277 (1999) (internal quotation marks omitted). When a plaintiff has accepted a defendant's offer of judgment, the trial court's role is purely ministerial in that "the only judgment that can properly be entered is one which is in accordance with the terms of the offer, as accepted." *Magar*, 288 Or at 642.

Accordingly, we look first to defendant's offer of judgment to determine its terms and its effect. The offer stated that defendant was proposing "to allow limited judgment on plaintiff's claim for PIP benefits in the amount of $8,039.89." It expressly stated that the offer "does not apply to plaintiff's claim for Uninsured Motorist benefits." Furthermore, the offer stated its effect: if plaintiff accepted it, "the Uninsured Motorist benefits claim will remain at issue." No terms of the offer constitute express admissions of any of the allegations concerning the UIM benefits claim in plaintiff's complaint. Indeed, when accepting the offer, plaintiff understood from the express limitations on the scope of the offer that defendant considered the UIM benefits claim to be disputed and expected it to be the subject of the upcoming trial, as plaintiff's counsel candidly acknowledged at the pretrial hearing. By its terms, the offer of judgment was directed to a limited judgment on and, thus, a resolution of the PIP claim only, not the UIM claim, which would "remain at issue." By accepting the offer, plaintiff accepted its terms.

Plaintiff contends that the offer can be read to permit his "preclusion by operation of law" argument. In that regard, plaintiff contends that the phrase "does not apply to plaintiff's [UIM] claim" refers only to the fact that defendant was not offering entry of a limited judgment on that claim. Because defendant's offer was silent as to the legal effect of entry of a limited judgment on the PIP claim, plaintiff reasons that he was entitled to the preclusive effect of a judgment on the PIP claim to resolve the outstanding UIM claim. Citing *Magar*, plaintiff contends that a party that has made an accepted offer of judgment under ORCP 54 E consents to the entry of a judgment against it and admits relevant allegations of the complaint, including those that may bear on other claims apparently excluded from the offer of judgment. We, however, find no such holding in that case. Instead, *Magar* supports the principle that a trial court must enter judgment in accordance with the terms of the accepted offer of judgment, and, if the offer is for only part of the judgment that the opponent seeks in its complaint, the judgment entered must be limited to that part, in accordance with the terms of the offer. 288 Or at 642. We reject plaintiff's proffered reading of the offer as unreasonable and contrary to law.

In *Magar*, the Supreme Court, in stating the principles underlying offers of judgment, quoted the following passage in *Westfall v. Wilson*, 255 Or 428, 431, 467 P2d 966 (1970), concerning consent decrees:

> "*** As a result, such a decree is so binding as to be absolutely conclusive upon the consenting parties, and it can neither be amended or in any way varied without a like consent, nor can it be reheard, appealed from, or reviewed upon a writ of error. The one only way in which it can be attacked, or impeached, is by an original bill alleging fraud in securing the consent."

*Magar*, 288 Or at 641-42 (internal quotation marks omitted).[4] Plaintiff appears to rely on that passage for the proposition that a "confession of [j]udgment operates to admit the relevant allegations of the [c]omplaint."

---

[4] The court in *Magar*, explained that the entry of a judgment based on an accepted offer of compromise, or offer of judgment, "is, in effect, the entry of a consent decree." 288 Or at 641.

Plaintiff's argument fails for three reasons. First, plaintiff appears to wrongly assume that defendant's offer of judgment in this case was a "confession of judgment." As the Supreme Court explained in *Russell v. Sheahan*, 324 Or 445, 449-50, 927 P2d 591 (1996), a judgment entered pursuant to ORCP 54 E is a stipulated judgment, not a judgment by "confession."[5] Second, to the extent that plaintiff intended to argue about the effect of a consent judgment and not a confession of judgment, we note that the parties litigated and the trial court ruled on the effect of an accepted offer of judgment under ORCP 54 E on the disputed issue concerning the UIM claim, not a type of judgment. Indeed, the court had not entered any judgment as a result of defendant's offer at the time of its ruling on plaintiff's motion *in limine*.

Third, the excerpt from *Westfall* does not support plaintiff's reading of *Magar*. All that excerpt states is that, when an offer of judgment has been accepted, the *terms* are binding on the parties—whatever they may be. It does not provide that the accepted offer of judgment operates as an admission of the allegations in the plaintiff's complaint, regardless of the terms of the offer. Instead, plaintiff's proposed rule is contrary to the accepted principle that ORCP 54 E permits a defendant to define the terms of an offer of judgment and flies in the face of *Magar*. Because it is instructive, we describe that case in detail.

*Magar* involved an action to enforce a promissory note that included a clause providing for attorney fees in the event of default. Before trial, the defendant made the plaintiff an "offer to compromise" pursuant to *former* ORS 17.055 (1977), *repealed by* Or Laws 1979, ch 284, § 199, the predecessor to ORCP 54 E.[6] The defendant offered to allow judgment for the balance due on the note plus interest; however, the

---

[5] The difference between the two is that a judgment by confession "is a judgment entered pursuant to the voluntary act or agreement of *one* party, *viz.*, a defendant," that "results from the unilateral act or failure to act of a defendant," whereas a stipulated judgment "is a judgment entered with the consent of *both* the party against whom the judgment is entered *and* the party in whose favor the judgment is entered." *Russell*, 324 Or at 449-50 (emphasis in original; footnote omitted).

[6] *Former* ORS 17.055, although different in some respects from ORCP 54 E, contained the same broad language concerning the terms of an offer stated in the rule:

offer was silent as to the plaintiff's prayer for attorney fees under the terms of the note. After the plaintiff accepted the offer, the trial court entered a judgment in its favor for the balance of the note plus interest. The judgment also stated that neither party was entitled to recover attorney fees.

The plaintiff appealed, arguing that it was entitled to recover its fees by operation of law because it was the prevailing party in an action to enforce a contract containing a fee provision. The Supreme Court rejected the plaintiff's argument and affirmed. *Magar*, 288 Or at 641-42. The court explained that "[t]here is no good reason why a defendant in a case such as this should not be permitted to make an 'offer of compromise' under [*former*] ORS 17.055 limited to payment of the amount sought as a judgment for the balance due on the note, without making an offer to also pay the amount sought as a judgment against him for attorney fees." *Id.* at 640 (footnote omitted). Thus, despite the fact that the defendant's offer included full payment on the note, the Supreme Court did not treat the acceptance of that offer of judgment as an admission that the defendant had defaulted on the note and that the plaintiff was entitled to attorney fees under the note. To the contrary, the court held that when an offer of judgment "does not include a part of the judgment sought by the complaint * * * the only judgment that can properly be entered is one which is in accordance with the terms of the offer, as accepted." *Id.* at 642.

As *Magar* and the other cases explain, an offer of judgment is in the nature of a contract between the parties, and courts must adhere to the terms of the offer and "enter judgment in accordance with the parties' agreement." *Russell*, 324 Or at 454. In this case, given the terms of defendant's offer of judgment, plaintiff was entitled only to a judgment "on plaintiff's claim for PIP benefits in the amount of $8,039.89." The trial court erred in concluding that defendant had admitted that the surgery was necessary.

Additionally, the trial court's ruling that defendant was precluded from litigating the necessity of surgery in the

"[T]he defendant may * * * serve upon the plaintiff an offer to allow judgment * * * to be given against him for the sum, or the property, or to the effect therein specified."

UIM claim lacks support from the doctrine of issue preclusion, which is inapplicable in this case. "Issue preclusion arises in a subsequent proceeding when an issue of ultimate fact has been determined by a valid and final determination in a prior proceeding." *Nelson v. Emerald People's Utility Dist.*, 318 Or 99, 103, 862 P2d 1293 (1993). "[I]ssue preclusion does not bar relitigation of an issue common to separate claims when those claims are litigated as part of a single action or lawsuit." *Westwood Construction Co. v. Hallmark Inns*, 182 Or App 624, 631-32, 50 P3d 238, *rev den*, 335 Or 42 (2002) (emphasis omitted); *accord Minihan v. Stiglich*, 258 Or App 839, 855, 311 P3d 922 (2013) ("The doctrine of issue preclusion applies to subsequent lawsuits and not to separate claims within the same lawsuit." (Internal quotation marks and emphasis omitted.)).

Here, plaintiff's PIP and UIM claims were litigated in a single action. As explained above, defendant's offer of judgment on plaintiff's PIP claim did not act as an admission of the issues or elements underlying that claim. But, even if plaintiff's acceptance of the offer had determined issues common to the PIP and UIM claims, the offer of judgment would still not have issue-preclusive effect because plaintiff's PIP and UIM claims were litigated in a single lawsuit. Accordingly, issue preclusion did not bar relitigation of an issue common to those claims, including the issue of whether plaintiff's surgery was necessary.[7] We therefore reverse the general judgment and remand, with instructions to enter a limited judgment for $8,039.89 on plaintiff's PIP claim in accordance with the offer of judgment.

We turn to defendant's second assignment of error, in which it challenges the trial court's award of attorney fees on plaintiff's UIM claim. In his fee petition, plaintiff sought attorney fees in relation to both his PIP and UIM claims under ORS 742.061(1), a statute that allows a plaintiff in an action against an insurer to recover attorney fees and costs under certain conditions, and ORCP 46 C, a rule of civil

---

[7] We note that our analysis on this issue is limited to circumstances in which an offer of judgment was made on fewer than all of the plaintiff's claims in the same lawsuit and the plaintiff urges issue preclusion. We do not address the preclusive effect that a judgment entered pursuant to ORCP 54 E in one case may have in litigation between parties in a subsequent case.

procedure allowing a party to recover expenses incurred in proving the truth of a matter denied by the other party in a request for admissions. Plaintiff contended that he was entitled to attorney fees under ORS 742.061(1), because he recovered an amount exceeding any presuit tender by defendant. Plaintiff also argued that he was entitled to attorney fees on the UIM claim under ORCP 46 C, because defendant, through the offer of judgment, accepted responsibility for the surgery and demonstrated that its previous denial of that admission was unreasonable.

Over defendant's objections, the trial court awarded plaintiff attorney fees on both of the bases alleged in plaintiff's fee petition. As a result, an attorney fee award of $22,230 was included in the general judgment, though the court did not specify what portion of that award related to plaintiff's PIP or UIM claims, and did not identify what portion was granted pursuant to ORS 742.061 or ORCP 46 C.

On appeal, defendant does not contest the entire fee award, challenging that award only as it relates to the UIM claim. Defendant argues that, if we reverse the judgment as it relates to the UIM claim, then ORS 20.220(3)(a) requires that we also reverse the attorney fee award relating to that claim.[8] Defendant also argues that the trial court erred in awarding attorney fees under ORCP 46 C because, at the time defendant denied the request for an admission concerning plaintiff's surgery, it reasonably believed that it might prevail on the question whether the surgery was necessary based on two reports from a doctor. Plaintiff does not address those arguments.

First, we agree with defendant that, under ORS 20.220(3)(a), our reversal as to the UIM claim requires reversal of the portion of the attorney fees associated with that claim. See ORS 20.220(3)(a) ("When an appeal is taken from a judgment under ORS 19.205 to which an award of attorney fees or costs and disbursements relates[,] * * * [i]f the appellate court reverses the judgment, the award of attorney fees or costs and disbursements shall be deemed reversed[.]"). Here, the record indicates that the trial court

---

[8] Defendant withdrew an argument that the "safe harbor" provision of ORS 742.061(3) applies in this case.

awarded plaintiff attorney fees for prevailing on *both* his PIP and UIM claims, pursuant to ORS 742.061(1). Because part of the attorney fees awarded under ORS 742.061(1) related to the UIM claim, our reversal of the judgment on that claim necessitates reversal of the attorney fees awarded on that basis.

Next, defendant argues that the trial court erred in awarding plaintiff attorney fees on the UIM claim as a sanction under ORCP 46 C. Under ORCP 46 C, if a party

"fails to admit * * * the truth of any matter, as requested under [ORCP] 45, and if the party requesting the admissions thereafter proves * * * the truth of the matter, the party requesting the admissions may apply to the court for an order requiring the other party to pay the party requesting the admissions the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that (1) the request was held objectionable pursuant to [ORCP] 45 B or C, or (2) the admission sought was of no substantial importance, or (3) the party failing to admit had reasonable ground to believe that such party might prevail on the matter, or (4) there was other good reason for the failure to admit."

We review the trial court's decision to award fees under ORCP 46 C for errors of law and abuse of discretion, *Adams v. Hunter Engineering Co.*, 126 Or App 392, 396, 868 P2d 788 (1994), and reverse because our holding on defendant's first assignment of error vitiates an apparent factual basis for the award as to the UIM claim.

In this case, the court did not find that defendant met one of the four exceptions to ORCP 46 C and appears to have accepted plaintiff's argument urging an award under the rule. However, a key assumption of plaintiff's argument was that defendant later admitted the necessity of the surgery through its offer of judgment, which demonstrated that defendant lacked a reasonable ground to believe that it would prevail on the matter and lacked a good reason for its earlier response to plaintiff's request for an admission that all treatment he had received was necessary because of the accident. As we explained above, however, the accepted offer of judgment did not constitute an admission that the

surgery was necessary, and thus, that assumption was incorrect. Accordingly, we reverse the portion of the attorney fee award granted under ORCP 46 C to the extent it related to plaintiff's UIM claim. And, because it is unclear what amount of the fee award is properly allocated to the PIP claim, we reverse and remand for the trial court to make that determination.

General judgment reversed and remanded, with instructions to enter limited judgment on plaintiff's PIP claim for $8,039.89 and to reconsider award of attorney fees consistently with this opinion.